## No. 69.—JENKINS v. HOWARD.

Where the order fixes the amount of the bond for a devolutive appeal, and the amount required by law for a suspensive appeal, and the bond given is for an amount less than that required by law for a suspensive appeal, the appeal will not be dismissed but will be declared devolutive only.

Two parties having formed a commercial partnership in a single transaction, and having by mutual consent made a partition between them, may enforce their respective claims against each other without bringing suit for a settlement of the partnership.

APPEAL from the Tenth Judicial District, parish of Caddo. *Weems, J. Aleck Boarman*, for plaintiff and appellant. *Looney & Wells*, for defendant and appellee.

TALIAFERRO, J. The defendant is sued for $750, which the plaintiff alleges defendant owes him on account of a partnership transaction. The defendant denies owing the plaintiff anything, and claims from him in reconvention $210, that being one half the costs of hauling certain cotton which defendant avers he paid on joint account. There was judgment rendered against the plaintiff on his demand and in favor of the defendant for his reconventional demand. The plaintiff has appealed.

There is a motion to dismiss the appeal on the ground that the bond is defective for the reason that it was expressly given for a suspensive appeal, being limited as to the extent of the obligation.

A motion was made by the appellant for an appeal suspensive *and* devolutive. The order granted a suspensive appeal with bond in the amount fixed by law. The bond for a devolutive appeal was fixed at one hundred dollars. The bond executed by the appellant is for $300. It is insufficient for a suspensive appeal, but suffices for a devolutive

Jenkins v. Howard.

appeal. The motion to dismiss is therefore overruled. The facts of this case are that the plaintiff and defendant during the summer of 1865 embarked in a cotton adventure, a single operation, and the only one they made. This was the purchase of seventy bales of cotton which were to be sold again on their account. This lot of cotton was purchased in the parish of DeSoto and hauled to Shreveport, where it was deposited in care of Boisseau. Boisseau, called as a witness, stated that Howard, who, it appears, was the principal acting partner of the concern, directed him to ship thirty-five bales of the cotton on his account to Carroll, Hoy & Co., in New Orleans, which was accordingly done; that Howard further instructed him to hold the remaining thirty-five bales to the order of Jenkins, who subsequently expressing no dissatisfaction at the course pursued by Howard, instructed witness to ship the remaining cotton on his account to the house of John Philips in New Orleans, which instruction was complied with. The cost of hauling the cotton was $420, which was paid by Howard. It appears that the lot of cotton shipped by Howard to Carroll, Hoy & Co. prought $7928 69 net; and that the net proceeds of the lot shipped by Jenkins to John Philips were $6735 77. The half of the excess in proceeds of the cotton shipped by Howard over that shipped by Jenkins the latter claims he is entitled to, to make him equal in receipt of profits. A single adventure of the character of that made by these parties, a commercial operation, where the purpose is to buy and afterward to sell the commodity for profit constitutes the parties commercial partners, and creates a commercial partnership *quoad* the single transaction. Then, if not otherwise rendered unnecessary by the acts of the parties who were alone interested, a formal settlement of the partnership affairs should have preceded a partition of the assets. This the plaintiff does not ask for in his petition. He treats the partnership as at an end, its affairs as liquidated, and its effects ready for division between the partners. The partition, however, the defendant contends, was made by mutual consent, from the fact that each partner took thirty-five bales of cotton and had them sold on his separate account, leaving only the expenses incurred on account of the cotton to be adjusted by the parties. We are inclined to think this to be the proper construction to be given the acts of the parties and to approve the judgment of the lower court.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.