McINNIS, Judge.
■In this cause plaintiff is demanding the sum of $115.50, with legal interest from March 26, 1947, alleging that it entered into a written agreement with defendant for advertising in the official scorebook at League Park, as shown by the original copy of the contract which is annexed to the petition, and reads as follows:
“Shreveport, La. 3-26-47
“Gentlemen:
“Kindly place our advertisement to occupy avail
in official scorebook at League Park for the Season of 1947, in consideration of which we agree to pay one and one-half dollars ($1.50) per game including Playoffs, payable on the tenth day of each consecutive month commencing May 1, 1947 for all games played during the previous month.
“Should our advertisement not appear at any game, same is not to be considered a breach of this agreement, but we are to be credited accordingly and proportionately. In the event of discontinuance of the official schedule before being fully completed, an adjustment shall be made upon the proportionate basis actual games played to the total number of games officially scheduled to be played. Advertisement will be satisfactory to us upon publication, providing same conforms to copy furnished by us and we will accept as satisfactory, copy prepared by you should we fail to furnish copy before . 19. We understand that you reserve the right to reject undesirable copy and to insert ‘reserved’ in our space should our copy be undesirable, and to bill us at the above specified rate under such circumstances, also that you reserve the right to discontinue any advertisement where payments do not conform with original agreements. No verbal arrangements have been made other than those incorporated in this agreement, and should any payment hereunder be in default thirty days, all subsequent payments shall become due and payable immediately. This order is non-can-cellable, and becomes of force on acceptance thereof. All payments to be made to your order. This order has been read, is understood and is acceptable to us.
“Very truly yours,
“/s/Wm. O. Hill S & M. Bar
“Accepted: La. Sportservice, Inc.
By: M. M. Monsour
Titíe: Owner
“By: M. White Address: 131 Market”
The demand is met with a plea of prescription of three years, provided by Article 3538 of the LSA-Civil Code in bar of plaintiff’s demands, and after trial of the plea there was judgment sustaining the plea of prescription. From this judgment the plaintiff prosecutes this appeal.
Defendant contends that the prescription provided by the Article of the Code is applicable to the facts of this case, but we are not in agreement with defendant’s contention and believe that the prescription provided for by Article 3544, LSA-C.C., is applicable to such cases, as this, where the agreement is in writing, and that the prescription of 10 years is applicable in this case. Many cases could be cited in support of this conclusion but the case of White Bros. Co., Inc., v. Shinn, La.App.1935, 160 So. 823, and the cases cited in that opinion appear to conclusively support the conclusion that we have reached that the prescription applicable in this case is 10 years.
For these reasons the plea of prescription is now overruled, the judgment of the District Court is reversed, and this cause is remanded to the District Court for further proceedings according to law and consistent with the views herein expressed. The defendant is to pay the costs of this appeal and all other costs shall await final determination of this cause.