BOLIN, Judge.
This is an action for recovery of $214.90 as the alleged unpaid balance owed by defendant to plaintiff on the purchase of an adding machine. On July 6,1956, defendant signed a sales contract for the purchase of the machine for the total purchase price of $361.97, the amount to be payable in thirty monthly installments. The contract recited:
“This is a conditional sales contract and title to the equipment herein referred to shall not pass until fully paid for in cash.”
The petition alleges the last payment was made by defendant on July 31, 1957, leaving as the unpaid balance, the amount sued for. Suit was filed on September 20, 1960, and the defendant met the demand with an exception of three year prescription contending this was a suit on an account and pre-scriptible in three years under LSA-C.C. art. 3538. The plea of prescription was heard separately and prior to trial on the merits. The lower court sustained such plea and it is from such judgment that plaintiff has perfected this appeal.
The defendant does not contend that the clause purporting to retain title in the vendor until full payment of the purchase price invalidated the transfer of title of the chattel to the vendee. He admits in brief the existence of an absolute sale but strenuously contends the conditional sales clause invalidated the written agreement as such, leaving the unpaid purchase price merely a debt on account and subject to the prescription of *836 three years. Plaintiff, on the other hand, asserts the proper construction of the contract is to simply ignore the conditional sales clause as having not been written and to enforce the remaining portion of the agreement as a contract of sale. In the alternative, plaintiff contends the signed agreement should at least be considered as a written acknowledgment of an account, which is likewise subject to the prescription of ten years.
Therefore, we have before us the primary question of determining whether the sale is one “on account” which prescribes in three years under LSA-C.C. art. 3538; or a sale under a written contract which is a personal obligation and prescribes in ten years under LSA-C.C. art. 3544.
Defendant relies on an unreported case entitled “Succession of Loeber”, No. 8971 decided by the Court of Appeal for the Parish of Orleans in 1923 wherein such a conditional sale clause was held to have invalidated the written agreement and the suit was treated by the court as one on account. However, we do not agree with the conclusion therein announced.
Defendant-appellee’s position that the sale was one on account stems from his reasoning that conditional sales agreements are not recognized by the laws of this State and, therefore, the entire written agreement •is without effect. Of course, it must be conceded that under the jurisprudence of Louisiana, a conditional sale is not recognized as such; that is, a sale by which a vendee is unconditionally bound for the purchase price and the vendor is to remain the owner of the property until the price is paid. Barber Asphalt Co. v. St. Louis Cypress Co., 1908, 121 La. 152, 46 So. 193; Roy O. Martin Lumber Co. v. Sinclair, 1951, 220 La. 226, 56 So.2d 240. However, it is equally well established that where all of the essential elements for a sale are present in such a conditional sales agreement, the effects of an absolute sale follow and title is vested immediately in the buyer. Cristina Inv. Corp. v. Gulf Ice Co., La.App., 1 Cir., 1951, 55 So.2d 685; Bedsole v. Lee, La.App., 1 Cir., 1955, 78 So.2d 434.
Therefore, while the conditional sales feature of such contracts is unenforceable, it is our opinion that the remaining portions of such contracts are properly enforceable and, if written, should be properly construed as a written contract and subject to the prescription of ten years. Our position is fortified, so we think, by those cases which have enforced the provisions of written contracts remaining after the conditional sales feature was removed therefrom. Electric Neon Clock Co. v. Cooper, La.App., 1 Cir., 1955, 83 So.2d 678; McCaskey Register Co. v. Harris, La.App., 1 Cir., 1926, 4 La.App. 442.
Therefore, if the conditional sales clause does not invalidate the remaining portions of the written contract, that feature is simply read out and ignored, and the remainder of the contract is then enforceable as a perfect sale. Hence, an action to compel compliance with the obligation therein for the payment of the purchase price is a “personal action” which is subject to the prescription of ten years. Merritt v. Merle, 22 La.Ann. 257; Louisiana Sportservice v. Monsour, La.App., 2 Cir., 1952, 59 So.2d 499.
Moreover, the written agreement was signed by defendant, filed in evidence and cannot be ignored. As was said in White Bros. Co., Inc., v. Shinn, La.App.Orleans, 1935, 160 So. 823, 824:
“There are only two categories in which this document can be placed. It is either a written contract for the purchase of merchandise and, if so, is a personal obligation which prescribes in ten years under article 3544, R.C.C., or it is a written acknowledgment of the account, which, under the jurisprudence of this state, changes the prescriptive period from that of three years to that of ten years. * * * ”
*837 Therefore, at the least, this agreement is a written acknowledgment of an account and prescribes in ten years.
For the reasons assigned, the plea of prescription is now overruled, the judgment of the court below is reversed, and this cause is remanded to the lower court for further proceeding according to law and consistent with the views herein expressed. The defendant-appellee is to pay the costs of this appeal and all other costs shall await final determination of this cause.
Reversed and remanded.