216 So.2d 917 (1968)
CARTE BLANCHE CORPORATION, Plaintiff-Appellant,
v.
Andrew C. PAPPAS et ux., Defendants-Appellees.
No. 11106.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1968.
Lewis Weinstein, Shreveport, for appellant.
*918 Donald R. Miller, Shreveport, for appellees.
Before GLADNEY, BOLIN and DIXON, JJ.
BOLIN, Judge.
Carte Blanche Corporation filed suit February 16, 1968, seeking judgment in solido against Mr. and Mrs. Andrew C. Pappas for the sum of $843.85 allegedly due for purchases made by defendants from various business establishments between May 1961 and December 1961. Defendants answered the petition denying the obligation and filed pleas of prescription on the ground that more than three years had elapsed since the debt was incurred or since any payments had been made thereon. The lower court upheld the prescriptive plea of three years and plaintiff appealed.
Carte Blanche had issued credit cards to Mr. and Mrs. Pappas pursuant to an application blank signed by Mrs. Pappas, and these cards were honored by member companies or business establishments in charging sales made to persons possessing such cards. These accounts were then assigned to Carte Blanche upon whom devolved the right or responsibility of collecting from the purchasers.
Appellant contends the ten-year prescription provided by Article 3544 of the Louisiana Civil Code is applicable to the facts of this case rather than the three-year prescription provided in Article 3538. The pertinent portion of the latter article is as follows:
"The following actions are prescribed by three years:

* * * * * *
"That on the accounts of merchants, whether selling for wholesale or retail.
"That on the accounts of retailers of provisions, * * *
"That on all other accounts.
"This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced." (Emphasis added)
We consider the principal question to be resolved is the nature or character of the debt, i. e., whether it is an open account or whether it is a personal action prescriptible in ten years under Article 3544, which provides:
"In general, all personal actions, except those before enumerated, are prescribed by ten years."
Basis for plaintiff's contention that the debt does not prescribe for ten years is two-fold: either that the signed application card formed a written contract to pay for merchandise or, alternatively, that the contents of a letter written by Mrs. Pappas, wherein she returned the credit cards to plaintiff, constituted a written acknowledgment of the debt thereby changing the prescriptive period from three to ten years. Support for both aspects of this position is said by plaintiff to be found in the following Louisiana cases: White Bros. Co. v. Shinn, 160 So. 823 (Orl.App.1935); Remington Rand v. Boliew, 131 So.2d 835 (La. App. 2 Cir. 1961); Louisiana Sportservice, Inc. v. Monsour, 59 So.2d 499 (La.App. 2 Cir. 1952).
While we agree with the rules enunciated in the cited cases, for reasons which we shall hereinafter set forth, we consider these decisions inapposite to the instant situation.
We note in the petition plaintiff is suing as assignee of the accounts, particularly alleging: "that in accepting and using said credit identification cards, defendants agreed to pay the amount of the said assigned accounts so arising on or before the 10th day following the date of the monthly statements rendered defendant by petitioner; * * * that all of the accounts against the defendants * * * have heretofore, for valuable consideration, been *919 assigned, transferred and delivered to petitioner by the business establishments to whom said accounts were due; that petitioner is now owner and holder thereof; and that petitioner has rendered statements to the defendants covering such accounts." (Emphasis added)
It is apparent from this language in the petition the debts originated as accounts for merchandise sold by the assignors to their customers; that at the time of origin they were open accounts for which purchasers customarily received monthly statements and as such constituted nothing more or less than a charge account or an account receivable belonging to assignor. An assignee ordinarily obtains only the rights possessed by the assignor at the time of the assignment and no more. Harris v. Westwood, 191 So.2d (La.App. 4 Cir. 1966); 6 C.J.S. Assignments § 99, n. 35 citing Louisiana cases. Since Carte Blanche is suing in its capacity as assignee of these accounts it is in no better position than the assignors who would have necessarily had to bring suit within three years under the clear language of Article 3538 and the jurisprudence thereunder. We conclude the account was and remained an open account and we therefore reject the primary contention of appellant.
Turning next to the question of whether the account had been acknowledged, either in writing or orally, we first examine the letter, presumably written by Mrs. Pappas after the assignment, dated December 21, but without designation of the year, which reads:
 "Thursday
 Dec. 21
Dear Mr. Soshnick:
Enclosed are our cards. I am sure this problem of the $718.00 will be worked out very soon.
Thank you for your patience.
 /s/ Mrs. Pappas."
We find nothing in this letter which could be construed as an acknowledgment by Mr. and Mrs. Pappas that they owed the debt claimed nor of an intention on their part to be bound or to pay the sum stated. The cases interpreting La.C.C. Art. 3538 since its passage in 1888 are uniform in holding a written acknowledgment must acknowledge the correctness of the debt as charged as well as the creditor's right to recover before the three-year period of prescription will cease or change to ten years. We conclude the letter falls short of the requisites of a written acknowledgment necessary to change the character of the debt.
As to the final contention that the debt was orally acknowledged we have only the testimony of Mr. Pickett, representing Carte Blanche, who testified that Carte Blanche had sent to him for collection the invoices which make up the alleged indebtedness and he went to the home of Mr. Pappas and talked with him about the account. He further testified Mr. Pappas promised to pay the account on two or three different occasions but it was never paid. Appellant claims this oral acknowledgment interrupted prescription.
Contrary to this testimony was that of defendants to the effect they did not owe the debt nor had they promised to pay it; that the credit cards were used by a person not a party to this suit who had promised to get the money to pay the debt but had not done so; that they had never made any of the purchases nor had they made any payments thereon. We find the evidence of an oral acknowledgment inadequate to interrupt the running of the three-year prescription.
For the reasons assigned the judgment of the lower court sustaining defendants' plea of prescription is affirmed and plaintiff's suit is dismissed at its cost.