325 So.2d 858 (1976)
SALSUL COMPANY
v.
Herman S. KOHLMEYER et al.
No. 7155.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
Rehearing Denied February 10, 1976.
Writ Refused April 20, 1976.
*859 Breazeale, Sachse & Wilson, Victor A. Sachse, Frank P. Simoneaux, Baton Rouge, and Flanders & Flanders, Dudley D. Flanders, New Orleans, for plaintiff-appellant.
Stone, Pigman, Walther, Wittman & Hutchinson, Campbell C. Hutchinson, III, New Orleans, for the "Odence Group", Charles L. Odence, Robert H. Kremer, Thomas L. Duffy, Charles L. Friedlaender, Thomas P. Cahillane, Jason M. Elsas, Elie S. Shashoua, Thomas S. Snedeker, Larrie A. Weil, Robert R. Rust and Ronald E. Erickson, defendants-appellees.
Deutsch, Kerrigan & Stiles, Robert G. Stassi, New Orleans, for Alden H. Vose, Jr. and the Estate of Charles B. Vose, through Alden H. Vose, Jr. and Marco F. Savorese, defendants-appellees.
Reynolds, Nelson & Theriot, John C. Reynolds, New York City, for Howard Fisher, E. Herman Heiman and William Perry Brown, Sr., defendants-appellees.
Monroe & Lemann, Walter J. Suthon, III, New Orleans, for Morris W. Newman and Robert J. Newman, defendants-appellees.
McCloskey, Dennery & Page, John M. Page, New Orleans, for Eugene L. Mauro, defendant-appellee.
Charles E. Richards, Jr., New Orleans, for Cecil G. Murdock, Jr. and Dennis C. Campo, defendants-appellees.
Jesse S. Guillot, New Orleans, curator for William Perry Brown, defendant-appellee.
Bronfin, Heller, Feldman & Steinberg, Martin L. C. Feldman, New Orleans, for The "Kohlmeyer Group", Sam Cahn, Robert R. Wolf, Edgar L. Braud, Walter D. Kingston, Jr., Herman S. Kohlmeyer, Sr., Herman S. Kohlmeyer, Jr., Kohlmeyer Company, Albert Meric and Leon E. Newman, defendants-appellees.
Before GULOTTA, BOUTALL and MORIAL, JJ.
GULOTTA, Judge.
This is a suit against the general partners of Kohlmeyer & Co. by an assignee of an alleged partner in commendam of Kohlmeyer. The partnership is in liquidation. Plaintiff alleges that the general partners had contracted in the partnership agreement to satisfy the creditors of the partnership from their own personal and partnership assets before any of the securities placed by the partners in commendam could be sold. According to Salsul, the general partners violated the agreement when they sold the in commendam partner's securities to satisfy partnership debts before satisfying those debts from personal assets of the general partners. A further allegation by plaintiff is that the general partners became indebted to the partnership in large amounts, thereby contributing to the failure of the venture. Plaintiff sues for the value of securities contributed by the in commendam partner and sold by the general partners.
Several exceptions were filed which may be grouped into five general categories: 1) that the partnership is an indispensable party defendant; 2) that a suit by one partner against another is premature when the partnership is in liquidation; 3) that the petition does not state a cause of action because the partnership agreement does not require that the partnership debts be paid first from the personal assets of *860 the general partners before the securities placed by the in commendam partners could be sold; 4) that nonresident partners are not individually subject to the jurisdiction of the Louisiana court under the long arm statute; 5) that Salsul is not a proper party plaintiff and has no right of action since the partnership agreement is not with Salsul, the assignee of an in commendam partner, but with the assignor.
In answer to the exception of prematurity, plaintiff contends that in relation to Kohlmeyer, Salsul occupies the position of a creditor and not an in commendam partner. In support of their position, plaintiff cites the recent decision of the United States District Court, Paul Karp v. Herman S. Kohlmeyer, Sr., et al., Civil Action No. 74-2324 (E.D.La., September 15, 1975), in which the court concluded that the relationship of Karp to the partnership was that of a creditor-debtor[1] and that the pending dissolution of the partnership did not constitute a bar to a suit by Karp (a creditor) against the individual partners, provided the partnership was joined as a party defendant. Plaintiff reasons that based on the United States District Court decision it is a creditor and the exception of prematurity, based on the pending liquidation, is not a bar to its claim. It is plaintiff's further position that the trial judge erred in maintaining the exceptions of prematurity and no cause of action and in not specifically overruling the remaining exceptions.
Before considering whether or not the trial judge erred in maintaining the exception, we are confronted initially with the question of whether the plaintiff occupies the position of a creditor or a partner in commendam of the Kohlmeyer partnership.
Plaintiff contends that Salmen had no right under the partnership agreement to share in the partnership profits and could, therefore, not be considered an in commendam partner under Louisiana law.
A partner in commendam is defined, in pertinent part, in LSA-C.C. art. 2839 which reads as follows:
Art. 2839. Partnership in commendam, definition and attributes
"Art. 2839. Partnership in commendam is formed by a contract, by which one person or partnership agrees to furnish another person or partnership a certain amount, either in property or money, to be employed by the person or partnership to whom it is furnished, in his or their own name or firm, on condition of receiving a share in the profits, in the proportion determined by the contract, and of being liable to losses and expenses to the amount furnished and no more.
"A partnership may have one or more partners in commendam who may be natural persons, partnerships or corporations, domestic or foreign, or formed under the laws of the United States, provided that at least one natural person, partnership or corporation act as an ordinary or commercial partner of the partnership."
In ascertaining the status of Salmen (and the assignee plaintiff), we look to the allegations contained in the petition, together with the partnership agreement, in order to determine the intent of the parties.
Although it is true that Louisiana courts look to substance and not form in determining whether or not a partnership exists, and ordinarily it is immaterial that the parties use the word partnership in establishing their business relationship,[2] nevertheless, the allegations of the petition, when considered in connection with the language of the partnership agreement, aid *861 in the determination of the intent of the parties at the time the business relationship was established.
In this connection, allegation 10 of plaintiff's initial petition states:
"By the Fifteenth Amendment to the articles of partnership of Kohlmeyer & Co., dated as of June 27, 1969, Raymond F. Salmen was admitted to the partnership as a special or limited partner and contributed to the capital of the partnership 6,000 shares of common stock of American Home Products Corporation which were owned by Salsul Company but registered in the name of Raymond F. Salmen." (emphasis supplied)
In addition, plaintiff's supplemental petition states:
"* * * Nevertheless the general partners wrongfully permitted general partners, especially but not limited to those on the management committee, to become and remain so greatly indebted to the partnership that when faced with claims of creditors the capital of the commendam partners was wrongfully used to pay the debts for which the general partners were liable." (emphasis supplied)
Further, section 3A of the Twenty-Second Amendment to the partnership agreement, dated March 31, 1970, provides that the limited and general partners will receive interest on the average amount of cash, on the average value of memberships in or on exchanges, and on the loanable value of securities contributed by each of the partners to the partnership. In addition, section 3C of the Twenty-Second Amendment contains a provision for "additional interest" to be paid to the partners on the average cash, memberships or loanable value of the securities[3] posted, provided the earned profits of the partnership were sufficient to allow the additional interest payments. Section 4 provided that limited partners were entitled to receive interest on loanable value of securities and on the amount of cash contributed to the same extent as the general partners.
Section 2 of the Thirtieth Amendment, dated January 1, 1972, deleted the interest payments provided for in the Twenty-Second Amendment and substituted therefor a provision that the partners were entitled to receive interest at the prime rate plus four percent (4%) per annum on cash and memberships and four percent (4%) on the loanable value of the securities contributed by them to the partnership.
Furthermore, section 3 of the Thirtieth Amendment, in pertinent part, provides:
"Partners in commendam or limited partners shall be those partners who shall contribute to the capital of the partnership and whose participation in the profits and losses of the partnership are limited. * * *" (emphasis supplied)
When we consider the allegations contained in the original and supplemental and amended petitions, together with the pertinent amendments of the partnership agreement and particularly section 3 of the Thirtieth Amendment which provides for participation by the limited partners in the profits and losses of the partnership, we are led to the conclusion that Salmen is a partner in commendam of the partnership and not a creditor. Accordingly, Salsul, plaintiff and assignee of Salmen, comes into court as a partner in commendam with no greater nor lesser rights than those of the assignor.[4]
Having so concluded, we turn now to a consideration of the exception of prematurity. *862 This exception is based on the rule that the in commendam partner has no right to sue co-partners while the partnership is in liquidation. See Jeffries v. Moore, 219 La. 692, 53 So.2d 898 (1951); Lawrence v. Recoulley, 235 So.2d 437 (La. App., 2d Cir. 1970).
Plaintiff, in argument, does not quarrel with the foregoing rule and recognizes they do not come within the generally recognized exceptions to the general rule enumerated in "Symposium: A Survey of the Louisiana Law of Partnership", 45 Tul.L.R. 329, 368-369 (1971), as follows:
1. The cause of action arises independently of the partnership relation. Parker v. Davis, 225 La. 359, 72 So.2d 877 (1954).
2. There has been a voluntary settlement of the firm and a partition of its assets. Jenkins v. Howard, 21 La.Ann. 597 (1869); Rondeau v. Pedesclaux, 3 La. 510 (Orl. 1832).
3. The parties have, by express agreement, segregated a particular item of account from the partnership settlement. Parker v. Davis, 225 La. 359, 72 So.2d 877 (1954).
However, it is plaintiff's contention that the rule that one partner cannot sue a co-partner or the partnership while the partnership is in liquidation is not applicable to partners in commendam. Plaintiff further claims that the rule is inapplicable to his claim for the reason that the general partners incurred large indebtedness to the partnership, thereby wrongfully using the capital and securities contributed by the in commendam partner. According to plaintiff, this breach of the fiduciary relationship by the general partners contributed to the partnership failure. Plaintiff relies on the case of Novick v. Miller, 222 La. 469, 62 So.2d 645 (1952).
We find no merit to plaintiff's argument that the general partners' alleged breach constitutes an exception to the general rule. The Novick case cited by plaintiff does not support plaintiff's contention in this respect.
The Supreme Court, in Novick, concluded that an in commendam partner could not base his suit for dissolution and liquidation of the partnership on the ground that general partners substantially increased their salaries. The court denied the demand for dissolution, but reduced the amount of the salary increase made to the general partners.
Nor do we find merit to plaintiff's contention that the rule, that a partner has no right to sue a co-partner pending liquidation of the partnership, has no application to a partner in commendam. We note that while plaintiff's well researched brief explores in depth the jurisprudence relating to partners in commendam, no authority is cited to support this contention. Furthermore, our research of the jurisprudential and statutory authority on partnerships has failed to reveal any support for this contention. Nor can we see any rationale for such an exception. The reason for the rule is that following a liquidation and accounting of the partnership a claim by one partner against another might very well be moot. In this respect, we can perceive of no difference between a general partner and a partner in commendam.
Accordingly, we conclude the exception of prematurity was properly maintained by the trial judge. Having so concluded, we find it unnecessary to consider the remaining exceptions. The judgment maintaining the exception of prematurity is dispositive of the instant case. The judgment dismissing plaintiff's petition is affirmed.
Affirmed.
NOTES
[1] In relation to Kohlmeyer & Co., Karp occupied a status similar to that of Salmen, the assignor and partner in commendam.
[2] See SAS Jaworsky v. LeBlanc, 239 So.2d 176 (La.App., 3d Cir. 1970), writ refused, 256 La. 911, 240 So.2d 373 (1970).
[3] This amendment provided for a three percent (3%) interest on the loanable value of the securities contributed and an equal amount in additional interest.
[4] Carte Blanche Corporation v. Pappas, 216 So.2d 917 (La.App., 2d Cir. 1968); Harris v. Westwood Homes, Inc., 191 So.2d 702 (La.App., 4th Cir. 1966).