BOUTALL, Judge.
This matter comes before us on an exception of no cause of action that was maintained by the trial court. The scope of our inquiry is whether a cause of action is stated upon the face of the petition and the attachments to the petition. An exception of no cause of action is designed to test the sufficiency of the petition and all well pleaded facts in the petition are to be considered as true. Parr v. D. H. Holmes Co. Ltd., La.App., 311 So.2d 463 (1975); Borenstein v. Joseph Fein Caterers, La.App., 308 So.2d 396 (1975).
The petition alleges that the plaintiff owns a certain piece of property that was purchased subject to certain servitudes and restrictive covenants. The first servitude listed is that of: “100 ft. drainage servitude along the side bordering the lower or eastern boundary of LaPlace Plantation.” Covenant # 13 which was attached to the petition states that:
“The seller retains such rights-of-way and easements as may necessary or convenient for the purpose of constructing, maintaining and operating utility services under and through the Property in the designated setback areas between the building lines and the property lines, including but limited to public service wires and conduits for lighting, power and telephone, gas lines, sanitary sewer, storm sewer and water.”
The seller, Landmark Land Company, is not made a party to this suit.
The plaintiff alleges in his petition that the defendants constructed a high pressure sewerage line through his property in the area covered by the drainage servitude and that “at no time was a right of way acquired or permission granted by William R. Gooding or any of the former landowners of said portion of ground.” Plaintiff alleges that the sewerage line caused him great problems in the construction of a new restaurant on the subject ground and has caused him damage to his property in the amount of $225,000.
We believe that those allegations standing alone are sufficient to state a cause of action.
We note that in pleading the exception of no cause of action the defendant made certain fact allegations to the effect that the previous landowner granted permission to build the sewerage line on the servitude area prior to the plaintiff’s purchase. While those allegations may constitute a valid defense they cannot be considered on the trial of the exception of no cause of action. Those allegations would be more properly urged by use of other procedural devices.
A party raising the exception of no cause of action is limited in that no evidence may be introduced at any time to support or controvert an exception of no cause of action and the trial judge is compelled to view the petition alone in making his decision., L.S.A.-G.C.P. Article 931.
For the foregoing reasons we are of the opinion that the plaintiff’s petition does state a cause of action, and accordingly the judgment maintaining the exception of no cause of action is now annulled and reversed, the exception is overruled, and this case is remanded to the trial court to await whatever further action may be appropriate. The costs of this appeal are to await the final outcome of the case.

REVERSED AND REMANDED.

LEMMON, J., concurred and assigned reasons.