GULOTTA, Judge.
We are confronted with a motion to dismiss this appeal, which we deny, and the appeal on its merits, which we affirm.
In this action, plaintiff, as assignee of Raymond F. Salmen, a partner in commen-dam with general partners of Kohlmeyer & Co.,[1] seeks the following relief: 1) a money judgment against Kohlmeyer & Co. in liquidation resulting from the alleged improper voluntary liquidation of assets; 2) an accounting from the liquidators; and 3) the appointment of a judicial liquidator or receiver of Kohlmeyer & Co. to complete the liquidation.[2]
The trial judge maintained an exception of no right of action. Although no reasons were assigned by him for maintaining the exception, implicit in his decision is the determination that the proper party plaintiff is not Salsul but is Raymond F. Salmen, the partner in commendam with the general partners of Kohlmeyer & Co. Thereafter, in a motion for new trial, plaintiff sought the right to amend the petition by making Raymond F. Salmen a party plaintiff. This motion was denied and, in written reasons assigned by the trial judge, he stated:
“The Court feels that the petition cannot be cured- by amendment. The proper plaintiff must proceed by petition.”
Plaintiff appeals. We affirm.
MOTION TO DISMISS
At the outset, we are confronted with SalsuPs motion to dismiss its own appeal on the ground of mootness in view of certain events which have occurred subsequent to the lodging of the appeal.
Following plaintiff’s filing the instant suit, Paul Karp, a limited partner of Kohl-meyer, intervened and asserted claims similar to those urged by plaintiff. A motion to dismiss the Karp intervention was denied by the trial court. Subsequent to the court’s maintaining the exception of no right of action as to Salsul, the Succession of Raymond F. Salmen also intervened, seeking relief prayed for by Salsul. Kohl-meyer answered Karp’s petition of intervention and requested a judicial liquidation and an accounting, and the trial judge rendered judgment ordering an accounting and a liquidation.
Subsequently, on November 14, 1977, the trial court supplemented its judgment for the liquidation and the accounting by ordering the judicial liquidators to file suit on or before September 30, 1978, “to determine the rights, status and legal relationship, if any, between Kohlmeyer & Co. and its general partners on the one hand and the Succession of Raymond F. Salmen, Salsul Company and Paul Karp on the other hand”. On the basis of this judgment, Sal-sul maintains that the appeal before us is now moot. We disagree.
A case is moot when the rendition of a judgment can have no practical or useful effect on the existing dispute between the parties and no practical relief can be determined from it. Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960); Cook v. Cook, 320 So.2d 612 (La.App. 4th Cir. 1975), writ denied, 323 So.2d 477 (La.1975).
Salsul’s petition asks for the appointment of a judicial liquidator and for an accounting, but it also asks “to have its claim *713 against the defendant recognized”. Though we agree that plaintiff’s claims for a judicial liquidation and an accounting are now moot, the question of the recognition of Salsul’s rights in the Kohlmeyer partnership and in the liquidation is still open. Though it is true that these rights, if any exist, would presumably be decided in the suit to be filed by the liquidators on or before September 30, 1978, we conclude that Salsul’s right of action, if any exists, should be determined in this appeal. The future suit to ascertain the rights of the parties will raise the same question which is now before us. Judicial economy, therefore, requires consideration of the issue now on appeal. Moreover, if we dismiss the appeal on the ground of mootness, the trial court’s judgment maintaining the exception of no right of action as to Salsul will become final and, perhaps (although we do not pass on this question), res judicata might apply as to rights between Salsul and the defendants in the future proceedings to be filed by the liquidators. It is apparent that more confusion will result if we dismiss this appeal. Accordingly, the motion to dismiss the appeal is denied.
NO RIGHT OF ACTION
Plaintiff’s contentions, on appeal, are: 1) that the effect of maintaining the exception of no right of action is an erroneous determination by the trial judge that plaintiff, in its petition, asserts rights as a partner in commendam of Kohlmeyer & Co. and not as a creditor of defendant. It is plaintiff’s position that as a creditor of Kohlmeyer & Co. it is entitled to seek the appointment of a judicial liquidator or receiver, to obtain an accounting and to recover a money judgment resulting from the improper voluntary liquidation of the company’s assets; 2) that the trial judge erroneously failed to recognize the valid assignment of Raymond F. Salmen’s rights arising out of the partnership agreements to plaintiff; and 3) that the trial judge, once having maintained the exception of no right of action, erroneously denied plaintiff’s request to include Raymond F. Salmen as a party plaintiff. In this connection, Salsul relies on LSA-C.C.P. art. 934.[3]
At the outset, we reject plaintiff’s contention that the trial judge erred in failing to recognize that plaintiff’s rights are asserted as a creditor of Kohlmeyer' & Co. in liquidation and not as a partner in commendam. This issue was laid to rest by this court in the earlier litigation, Salsul Company v. Kohlmeyer, 325 So.2d 858 (La. App. 4th Cir. 1976), writ denied, 330 So.2d 281 (La.1976), in which we stated:
“. . .we are led to the conclusion that Salmen is a partner in commendam of the partnership and not a creditor. sic * *
Plaintiff seeks to reassert, in this appeal, the same issue between the same parties which was decided by this court in its earlier decision. Upon the denial of the writ application by the Supreme Court this judgment became final.
We find no merit, further, in plaintiff’s contention that Salsul is the proper party plaintiff, having acquired Salmen’s rights by assignment. As pointed out by defendant, Salsul does not allege that it is a partner of Kohlmeyer. Plaintiff does allege, however, that Salmen is the managing partner of Salsul and as such Salsul, through its managing partner, Salmen, has the right to assert Salsul’s claim against defendant. Admittedly, Salmen entered into a partnership with Kohlmeyer & Co. For the purposes of the exception, we assume that Sal-men assigned whatever rights he has or *714 may have, growing out of the partnership agreement, to a third party, i. e., Salsul.
Agreements of a partner with a third person are covered in LSA-C.C. art. 2871.[4] This article reads:
Art. 2871. Right of one partner to make a partnership of his share with a third person
“Art. 2871. Every partner may, without the consent of his partners, enter into a partnership with a third person, for the share which he has in the partnership, but he can not, without the consent of his partners, make him a partner in the original partnership, should he even have the administration of it.
“He is responsible for the damages occasioned by this third person to the partnership, in the same manner as he answers for those he has occasioned himself, according to article 2862.”
From a reading of the LSA-C.C. provision and its French ancestor, as discussed by Planiol, it is clear that although a partner may, without the consent of the other partners, enter into a contract with a third party involving the partner’s interest in the partnership, nevertheless, this subpartnership cannot confer partner status upon the third party. Unless he is a partner such a third party has no right to assert a claim against the remaining partners or the partnership. Only the partner has this right. A third party who has acquired rights through his contractual relationship with one of the partners can only assert those rights against the partner with whom he has contracted.
Accordingly, we conclude that the trial judge properly maintained the exception of no right of action. The assignment or transfer of the partner in commendam’s (Salmen’s) rights to the third party, Salsul, does not confer upon the third party the right to assert any claim against the partnership if the remaining partners have not consented to the transfer of Salmen’s rights or the assignment of those rights. No assertion or claim is made by plaintiff that the partnership or the remaining partners consented to the assignment or the transfer of Salmen’s rights. Under the circumstances, we conclude the trial judge properly maintained the exception of no right of action. The proper party to assert Salmen’s claim against the partnership in liquidation is Salmen himself.
Now turning to plaintiff’s next contention that the trial judge erroneously failed to allow plaintiff to amend by including Raymond F. Salmen as a party plaintiff, we conclude that the trial judge did not err. See LSA-C.C.P. art. 934.
The clear purpose of LSA-C.C.P. art. 934 is in line with the trend toward liberality in pleadings and requires amendment where amendment is possible. We do not interpret LSA-C.C.P. art. 934, however, to apply to the situation before us where the trial judge properly concludes that a plaintiff is not the proper party to assert the cause of *715 action. An amendment might cure failure to state a cause of action, but it cannot cure failure to have a right of action. See Estate, Inc. v. Southern Land Title Corporation, 230 So.2d 341 (La.App. 4th Cir. 1970). In the instant case, the defect cannot be cured by amendment.
Accordingly, we conclude the trial judge properly denied plaintiffs motion for new trial in which he sought to substitute Raymond F. Salmen for Salsul as a party plaintiff. The judgment is affirmed.
AFFIRMED.

. Raymond F. Salmen assigned to Salsul Company, plaintiff, any and all rights, interests and causes of action that he has or may have arising out of the partnership agreements executed between Salmen and Kohlmeyer & Co.

. A more detailed basis of plaintiffs claim is set forth in Salsul Company v. Kohlmeyer, 325 So.2d 858 (La.App. 4th Cir. 1976), writ denied, 330 So.2d 281 (La.1976).

. LSA-C.C.P. art. 934 provides:
Art. 934. Effect of sustaining peremptory exception
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”

. LSA-C.C. art. 2871 is derived from Article 1861 of The Code Napoleon. This French article is discussed at Planiol, Traite Elementaire de Droit Civil (An English Translation by the Louisiana Law Institute), Vol. 2, Part 2, No. 1975 (p. 176).
The discussion reads:
1975. Croupiers or Backers
“Partnership being a contract, can only exist between the persons who contracted together to establish it. From this it follows, that after the formation of a partnership neither one of the partners can bring into it a new partner without the consent of all the others. Art. 1861 denies them such right, even when the partner is charged with the administration of the partnership. Adding a new partner is not an act of management of the existing partnership; it is a modification of the fundamental contract of partnership and is the equivalent of the formation of a new partnership.
“But the law permits each partner to join with him someone to share with him the risks and benefits of his share. There is then formed a little partnership of a subordinate character between such partner and the third person with whom he contracts, without the other partners being entitled to benefit from, or being liable on such contract as to which they are strangers (Art. 1861). The third person thus associated in a subordinate way with the operations of the partnership is called a ‘croupier.’ ”