BOUTALL, Judge.
This appeal is taken from a judgment maintaining peremptory exceptions of no cause of action based upon the premise that the plaintiff is a limited partner suing his partnership and his general partner on two promissory notes signed by them. Based upon certain factual representations, the court held that the limited partnership should have sued for the dissolution and accounting of the partnership before bringing suit directly against the partner and partnership on the promissory notes. We reverse because the evidence on which the trial judge relied was beyond the scope of the exception of no cause of action.
James Gravois filed two suits on two promissory notes which he alleged to be in default. One suit was against Helicopter Charter, Ltd.,[1] on a promissory note for $20,000.00, and the second was against Helicopter Charter, Inc., on a note for $10,-000.00. Each suit contains the usual allegations that plaintiff is the holder and owner *610 of the note, described the note, alleges facts that the note is in default and that no payments have been made, ending with the usual prayer for principal, interest and attorney’s fees. There is nothing in either petition or the attached notes that would indicate any relationship between plaintiff and defendant other than a simple payor-payee relationship.
To these petitions the defendants answered and filed reeonventional demands alleging among other things in the answer that the plaintiff was a partner with Helicopter Charter, Inc., in the partnership of Helicopter Charter, Ltd., and that the money advanced was a contribution to and/or an investment in the partnership for the purpose of obtaining an investment tax credit and other benefits. The reeonventional demand asserts that Gravois is responsible for expenses incurred and loses sustained and imposed upon the partnership, asks for the adjudication of the relations between the parties and prays for imposition of liability upon Gravois for the loses sustained, etc.
Sometime later Gravois filed motions for summary judgment in each case with affidavits of support of his position, and the defendants responded with counter affidavits. On August 26, 1980, the trial judge held a hearing on the motion for summary judgment and dismissed plaintiff’s motion for summary judgment on September 11, 1980. Although plaintiff presents to this court an issue that the motion for summary judgment was erroneously denied, we do not consider this issue for two obvious reasons. The first is that Code of Civil Procedure Article 968 does not permit an appeal from a court’s refusal to render summary judgment. The second is that plaintiff did not even file any timely appeal from the judgment of September 16, 1980.
The appeal that was taken is from a judgment of January 19, 1981, in which judgment was granted in favor of defendants Helicopter Charter, Inc., and Helicopter Charter, Ltd., against plaintiff Gravois maintaining the defendants’ exceptions of no cause of action and dismissing plaintiff’s suits at his costs, but without prejudice. That judgment apparently came about after a hearing was set on the merits, and prior to taking up the merits, the trial judge took up the exceptions that the defendants had filed. Despite appellant’s statements in brief that he is unaware of the basis for dismissal of his suit, the record contains a clear judgment as noted, together with detailed and well articulated reasons. On this appeal, appellant asserts that the exceptions should not have been maintained dismissing the suit and that the trial judge erroneously maintained that neither a corporation nor a limited partnership may be sued by an owner or holder of a note when the note is in default. Appellant’s brief does not directly address the reason for the judgment relied upon by the trial judge, from which reasons we quote in pertinent part:
“Before the Court today is Defendants’ exception of no cause of action. Defendants contend that neither of them may be sued by Plaintiff in light of their partnership-relationships.
A partner may not sue a co-partner on a demand growing out of partnership transactions, but must sue for the settlement of the partnership. Ingersoll Corp. v. Rogers, [217 La. 79], 46 So.2d 45 (La.1950).
It has been held that the rule that one partner cannot sue a co-partner or the partnership during or pending liquidation of the partnership is applicable to partnerships in commendam. LSA-C.C. Art. 2839; Salsul Company v. Kohlmeyer, et a1, 325 So.2d 858 ([La.App.] 4th Cir. 1976).”
On this appeal we do not examine the correctness of the trial judge’s conclusions, because we are faced with a procedural issue which causes us to pretermit that assignment of error. For that proposition to be valid, there must be some showing of the partnership relation between the parties. The reasons for judgment and the record before us make it plain that the trial judge considered pleadings, affidavits and documents beyond plaintiff’s petition, and these sources of information may not be con *611 sidered on an exception of no cause of action. As we have noted, the petition in each case is a simple suit on a promissory note and there is no mention of partners or partnerships in those petitions. That information comes from the defendants’ answers and reconventional demands as well as the affidavits and documents produced on the motion for summary judgment.
We refer to the case of Hero Lands Company v. Texaco, Inc., La., 310 So.2d 93 in which the Supreme Court of Louisiana stated at page 96:
“(1, 2) The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is put at issue by the exception. Rebman v. Reed, 286 So.2d 341 (La.1973); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).”
See also Gooding v. St. John the Baptist Police Jury, et al., 342 So.2d 1289 (La.App. 4th Cir. 1977), wherein this court held that defendants’ fact allegations which may constitute a valid defense cannot be considered on the trial of the exception of no cause of action.
We hold that the allegations of plaintiff’s petition in each case are sufficient to constitute a cause of action and accordingly the exceptions should not have been maintained. Accordingly, the judgment appealed from is reversed and defendants’ exception of no cause of action is dismissed in each case. The costs of this appeal shall be assessed by the trial court upon the conclusion of each case.
REVERSED.

. The legal name in the articles of partnership is Helicopter Charter Limited, but the note is signed by, and suit is brought against, the partnership as Helicopter Charter, Ltd.