446 So.2d 849 (1984)
CHANEY OIL COMPANY OF VICKSBURG, Plaintiff-Appellee,
v.
Gayle "Red" BEARD, Defendant-Appellant.
No. 16019-CA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
*850 C. Calvin Adams, Jr., Tallulah, for plaintiff-appellee.
LeRoy Smith, Jr., Tallulah, for defendant-appellant.
Before HALL and MARVIN, JJ., and WILLIAM A. CULPEPPER, J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
In this suit filed by Chaney Oil Company of Vicksburg, Inc. for charges incurred for gasoline by the use of a Citgo credit card, defendant Gayle "Red" Beard appeals a judgment in the sum of $3875.86 with credit card service charges thereon from the date of each purchase reflected on each credit card purchase until judicial demand and thereafter with legal interest until paid, an attorney's fee of 25% of the unpaid balance, and all costs of these proceedings. The two issues presented in this appeal are the adequacy of proof of the balance due and owing and the nature of the cause of action asserted by Chaney Oil. For the reasons hereinafter given, we affirm the judgment in its entirety.

FACTS
During 1981, Beard charged purchases of gasoline on his Citgo credit card at the Chaney Oil Mini-Mart in Tallulah, a franchise branded Citgo distributorship. Under the terms of the agreement between Chaney Oil and Citgo (City Service Company), a major oil company, Chaney Oil sells gasoline under the Citgo brand. Chaney Oil agrees to buy a pre-determined quantity of gasoline from Citgo who agrees to guarantee a fixed supply. This contract is represented by the "Distributor Franchise Agreement." There are other regulations pertaining to the use of Citgo credit cards in connection with this sale of gasoline which are found in the booklet "Credit Card Guide and Regulations." Included within this particular booklet is the provision which relates to dealer assignments and Citgo charge back procedures.
In December, 1981, Chaney Oil Co. received charge back notices for certain charges made by Beard. In accordance with the contractual agreement between *851 Chaney Oil Co. and Citgo, Chaney Oil Co.'s account was charged for these amounts which were paid by Chaney Oil Co. to Citgo and these particular transactions were re-assigned to Chaney Oil Co. for collection. Thereafter, Chaney Oil Co. contacted Beard in an effort to amicably collect the sums due. Unsuccessful in these attempts, Chaney Oil brought this suit.
At trial, Chaney Oil Co., introduced xerox copies of charge tickets for gasoline charged on an account in the name of Red Beard Dusting Service. Each charge slip bears the signature "Red Beard". Also introduced into evidence were signature samples of Red Beard and documents evidencing the contractual agreement between Citgo and Chaney Oil. Further introduced into evidence was a cancelled check on the account of Red Beard Dusting Service, Inc. dated March 17, 1982, payable to Citgo in the amount of $428.14. Gary Grantham, the head accountant and treasurer of Chaney Oil testified as to the transactions which had occurred prior to and after the charges made the subject of this suit. He identified all of the contractual documents and explained the contractual relationship between Citgo and Chaney Oil. He did testify that he was not familiar with the bookkeeping procedures utilized by Citgo and that Chaney Oil had accepted the charge slips back as being due and owing.
In his testimony Beard verified that he is engaged in the farming and flying business and that he had purchased gasoline with a Citgo credit card at the Mini-Mart in Tallulah owned by Chaney Oil. He testified that he had put this gasoline not only in his pickup truck but also in a tank contained on the back of the truck which has a capacity of approximately 100 gallons. He admits making certain charges during 1981 on this credit card and using some of the gasoline purchased in his airplane. While denying that he received a demand letter sent by certified mail with copies of the charges incurred, he admits receiving a second letter which contained a copy of the first letter with all of its attachments. Beard further testified that he had never let anyone else use his Citgo credit card nor had it ever been lost. In essence, he simply did not believe that he had charged that much gasoline. However, while contending that he had mailed Citgo a check in payment of certain charges prior to the check entered into evidence representing a payment made to Citgo, he produced no further proof of payment.

ACTION OF THE TRIAL COURT
In oral reasons, the trial court made the following factual findings: It found that Red Beard had signed all of the charge slips, that the amount of gasoline purchased exceeded the capacity of the tank of the vehicle, and that the truck license of Red Beard appeared with regularity on the charge slips. After taking the matter under advisement, the trial court rendered judgment in favor of Chaney Oil Co., as prayed for.
Beard appeals assigning the following errors:
(1) Plaintiff failed to prove the balance due and owing by competent evidence; and
(2) That the Plaintiff, Chaney Oil Company of Vicksburg, Inc. was erroneously awarded attorney's fees because this suit was not a suit on open account nor were the proper formalities of 9:2781 followed.

ASSIGNMENT OF ERROR NO. 1
Beard argues that the records of Citgo which were offered as proof of the amount due and owing were insufficient to form a basis for rendering a judgment in favor of Chaney Oil. Beard argues that the procedure utilized deprived him of any opportunity to question the correctness of the accounting procedures utilized by Citgo because the only evidence of the correctness of the amount due were the records from Citgo which were charged back to Chaney Oil. In support of his argument that the evidence introduced was inadmissible, Beard cites the case of Newspaper Production Co. v. Perry, 404 So.2d 1331 (La.App. 2d Cir.1981), where we stated:

*852 Louisiana has long recognized the business records or regular entries in the course of business exception to the hearsay rule in both civil and criminal cases. State v. Monroe, 345 So.2d 1185 (La. 1977); State v. Hodgeson, 305 So.2d 421 (La.1974); Theus, Grisham, Davis & Leigh v. Dedman, 401 So.2d 1231 (La. App. 2d Cir.1981); Herlitz Construction Co. v. Clegg Concrete, Inc., 378 So.2d 1002 (La.App. 1st Cir.1979).
This exception to the hearsay rule provides, in general, that a permanent record made in the ordinary course of business, by a person unavailable for testimony, from personal knowledge of the facts recorded or from information furnished by one having a business duty to observe and report the facts, is admissible as proof of the facts recorded, in the absence of a strong motive to misrepresent, if the record is the first collected and recorded memorial. McCormick, On Evidence, § 307, p. 721.
See also Comment, "Business Records in Louisiana as an Exception to the Hearsay Rule," 21 La.L.Rev. 449, 486 (1961).
We find it unnecessary to decide whether the business records exception applies. The proof is not based solely on "business records", but on copies of charge slips signed by Beard, which clearly showed purchases made by Beard. These slips were prepared by Chaney Oil and ultimately assigned to Citgo for collection under the terms of the contractual agreement between the parties. Compare Carte Blanche Corp. v. Pappas, 216 So.2d 917 (La.App. 2d Cir.1968). Because these particular charges were in violation of the contractual agreement between Citgo and Chaney Oil, they were reassigned back to Chaney Oil for collection. Accordingly, these charge slips are the first collected record available rather than a summary and in fact are the only record available since under the regular practice of the company, the original of the charge slip is available only to the purchaser who receives it at the time that the purchase is made. The only summary introduced which can be depicted as a business record of Citgo is a summary of Beard's account which was introduced to show the payment made by Beard for which he was given credit.
Consequently, we hold that the evidence which was offered by Chaney Oil Co. was sufficient to prove the existence of the debt incurred in connection with the purchases of gasoline by Beard. The evidence as a whole was clearly sufficient to establish a reasonable basis for the trial court's factual finding that the account was proved. See Gulfcoast Newspapers, Inc. v. Cart, 331 So.2d 177 (La.App. 3d Cir. 1976). Once a prima facie case has been established by a plaintiff in such an action, then the burden of proof shifts to the defendant to disprove the existence or correctness of the account either in part or in whole. Shear v. Castrinos, 327 So.2d 558 (La.App. 4th Cir.1976). The only credit or payment proven in the instant case was the $428.14 for which Beard was given credit.
Accordingly, the trial court did not err in finding that Beard was indebted unto Chaney Oil in the amount of $3875.64.

ASSIGNMENT OF ERROR NO. 2
Beard next argues that Chaney Oil failed to comply with the provisions of La.R.S. 9:2781 which provides in pertinent part:
A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.
B. If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a *853 notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished along with the initials of the person attempting delivery and making said notation may be introduced as evidence of written demand on the debtor. If the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor.

* * * * * *
This article must be strictly construed. A Better Place, Inc. v. Giani Investment Co., 445 So.2d 728 (La.1984).
It was stipulated that the attorney for Chaney Oil would testify that he mailed a certified letter to Beard which included copies of all the tickets and an itemized statement of account, that Beard did not receive the first letter causing plaintiff's attorney to mail Beard a second letter with all of the items aforementioned which Beard admits that he did receive. We conclude that under these circumstances, the requirements of the statute were adequately complied with.
Finally, Beard argues that this is not a suit on open account because the account was between Beard and Citgo rather than between Beard and Chaney Oil and the total amount sought is based upon charges made by Beard on his Citgo credit card.
We conclude that this argument is without merit. According to the evidence, Chaney Oil extended credit to Beard with the understanding that the account would be assigned to Citgo. Citgo had issued a credit card to Beard pursuant to an approved application. This card was honored by Chaney Oil to charge sales made to persons possessing such cards. In accord with the contractual relationship between Chaney Oil and Citgo, the account was then assigned to Citgo upon whom devolved the right of collecting from the purchaser. See Carte Blanche Corp. v. Pappas, supra. Because the charges incurred were in violation of the contractual agreement, these amounts were "charged back" or reassigned to Chaney Oil for collection. All of the rights which Chaney Oil had originally and assigned to Citgo were thus re-assigned to Chaney Oil. Clearly, this was an open account which was assigned to Citgo and re-assigned back to Chaney Oil for collection. Carte Blanche Corp. v. Pappas, supra.
Accordingly, we conclude that attorney's fees were properly awarded upon the proof of the indebtedness.

DECREE
For the foregoing reasons, the judgment appealed from is affirmed in its entirety at the cost of appellant.
AFFIRMED.