UNITED STATES of America

v.

SUCCESSION OF James Mahlon
SIDDON and succession of Joan
(NMN) Lattishaw Siddon.

Civ. A. No. 92–1173.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Feb. 11, 1993.

Robert A. Thrall, Asst. U.S. Atty., Shreveport, LA, for plaintiff.

Johnny R. Boothe, Samuel T. Singer, Winnsboro, LA, James J. Brady, Gravel, Brady & Berrigan, Alexandria, LA, for defendants.

LITTLE, District Judge.

RULING

Plaintiff, the United States of America on behalf of Farmers Home Administration ("FmHA"), brings this suit against defendants the Succession of James Mahlon Siddon and the Succession Joanne Lattishaw Siddon seeking in rem judgment on two promissory notes signed by the defendants and seeking to foreclose on the mortgage securing payment of the notes. On 16 April 1981, the James Mahlon Siddon and Joanne Lattishaw Siddon executed and delivered to FmHA two promissory notes: one in the amount of $20,210 bearing interest at 5% per year and payable in yearly installments of $1,622 each from 1 January 1982 until 16 April 2001, when the unpaid balance would be due ("Note 1"), and another in the amount of $97,300 bearing interest at 12.25% per year and payable in annual installments of $13,232 each from 1 January 1982 until 16 April 2001 when the unpaid balance would be due ("Note 2"). Also on 16 April 1981, the Siddons executed a mortgage as security for both Notes 1 and 2. On 20 April 1981, the Siddons recorded the mortgage in the mortgage records of Franklin Parish. FmHA remains the owner and holder of the mortgage secured notes. The Siddons never made payment on the notes. Mrs. Siddon died on 11 January 1982. The FmHA sent a notice of acceleration for Notes 1 and 2 addressed to the Siddons on 27 March 1987. Mr. Siddon died on 27 October 1987. On 11 December 1987, FmHA sent a notice of acceleration on the notes to the Siddon's son and putative heir, James Russell Siddon. The Unit-

ed States brought this mortgage foreclosure suit on 22 June 1992. This court appointed a curator to represent the successions on 6 July 1992, but on 17 November 1992, James Russell Siddon was substituted as administrator of his parents' estates. The defendants have not cured the default on either of the notes. Note 1 is past due in the amount of $20,210, plus accrued interest as of 11 September 1992 in the amount of $11,525.24 and additional interest accruing thereafter at an annual rate of 5%. Note 2 is past due in the amount of $97,300, plus accrued interest as of 11 September 1992 in the amount of $135,944.76 and additional interest accruing thereafter at an annual rate of 12.25%.

Before the court is the plaintiff's motion for summary judgment.

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. In our analysis, we view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.), *reh'g denied*, 920 F.2d 259 (5th Cir.1990). Before we can find that no genuine issues of material fact exist, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party. *Id.* The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial. Fed. R.Civ.P. 56(e); *see also Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied*, 961 F.2d 215 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Mere conclusory rebuttals by the nonmoving party will not defeat a motion for summary judgment. *Topalian*, 954 F.2d at 1131.

■ As the Fifth Circuit has noted, "suits on promissory notes provide fit grist for the summary judgment mill." *Federal Deposit Ins. Corp. v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir.1988); *see also Topalian v. Ehrman*, 954 F.2d 1125, 1137 (5th Cir.1992); *Colony Creek, Ltd. v. Resolution Trust Corp.*, 941 F.2d 1323, 1325 (5th Cir.) ("because of the relative simplicity of the issues involved, suits to enforce promissory notes 'are among the most suitable classes of cases for summary judgment.'"), *reh'g denied* (5th Cir.1991); *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir.1973).

■ A valid cause of action on a promissory note is asserted when the plaintiff alleges that it is the holder and owner of the note and that the note is in default. *See American Bank v. Saxena*, 553 So.2d 836, 842 (La.1989); *Gravois v. Helicopter Charter, Ltd.*, 416 So.2d 609 (La.Ct.App. 4th Cir.1982). "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." La.Rev.Stat.Ann. § 10:3–307(2) (West 1983). "Unless specifically denied in the pleadings each signature on an instrument is admitted." La.Rev.Stat.Ann. § 10:3–307(1). The plaintiff has produced the notes, and the defendants in their answer make only general denials, not a specific denial sufficient to challenge the genuineness of their signatures. The mortgages were executed by authentic act and thus are self proving. La.Civ.Code Ann. art. 1835 (West 1987). Plaintiff has therefore established the elements of its claim for judgment on the notes and mortgages.

■ The curator in his answer generally denied all plaintiff's allegations and asserted two affirmative defenses: failure to state a cause of action and prescription. The first is clearly meritless. The plaintiff has clearly alleged and established all elements necessary to recovering an in rem judgment.

■ As for the claim of prescription, the administrator argues that the United States' action to foreclose on the mortgages is time-barred under 28 U.S.C. § 2415(a). Under 28 U.S.C. § 2415(a), "every action for money damages" brought by the United States is subject to a statute of limita-

tions period of six years from the date that the cause of action arose. The administrator argues that the action to recover on the underlying notes has prescribed under § 2415(a) and thus the action to foreclose on the mortgages, because of its accessorial nature, must fall as well. La.Civ.Code Ann. art. 3411(3) (West Supp.1992). The plaintiff counters that § 2415(a) does not apply to foreclosure actions, especially when read in light of 28 U.S.C. § 2415(c), which provides that nothing in § 2415(a) shall be construed to limit the United States'. time for bringing an action to establish title to or the right to possess real or personal property. The district courts that have confronted the issue have held that § 2415(a) does not apply to foreclosure actions. *See Cummings v. United States Farmers Home Admin.,* No. 92–CV–1571–T (N.D.Tex. Dec. 21, 1992); *Westnau Land Corp. v. United States Small Business Admin.,* 785 F.Supp. 41, 43–44 (E.D.N.Y. 1992); *United States v. Freidus,* 769 F.Supp. 1266, 1273–74 (S.D.N.Y.1991); *United States v. Copper,* 709 F.Supp. 905, 908 (N.D.Iowa 1988); *Curry v. United States Small Business Admin.,* 679 F.Supp. 966, 970 (N.D.Cal.1987); *Gerrard v. United States Office of Educ.,* 656 F.Supp. 570, 574 (N.D.Cal.1987). Recently, the Tenth Circuit agreed. *See United States v. Ward,* 985 F.2d 500 (10th Cir. 1993). We join these courts and hold that the plaintiff's right to foreclose on the mortgage is not prescribed under § 2415(a).

Consequently, we find that the plaintiff is entitled to in rem judgment on the two promissory notes as a matter of law and is entitled to foreclose on the mortgage.

For these reasons, the plaintiff's motion for summary judgment is GRANTED. Counsel for the plaintiff shall prepare and submit to this court a proposed judgment.