UNITED STATES of America, Plaintiff–Appellant,

v.

Ruth G. THORNBURG; Michael D. Thornburg; David Jean Thornburg; Kathy Ann Northington, Defendants–Appellees.

No. 94–16927.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1996.

Decided May 3, 1996.

Sean A. Lev, United States Department of Justice, Washington, D.C., for appellant.

Bruce R. Borad, Borad and Wood, Arnold, California, for appellees.

Before: ALARCON, KLEINFELD, and HAWKINS, Circuit Judges.

ALARCON, Circuit Judge:

The United States appeals from the judgment entered in favor of Ruth Thornburg, Michael Thornburg, David Thornburg and Kathy Northington (collectively "the Thornburgs"), in this action for breach of a personal guaranty and foreclosure of the mortgage securing it. The district court entered its judgment after the United States stipulated that its action to enforce the personal guaranty was barred by the applicable federal statute of limitations.

The United States contends that the district court erred in holding that foreclosure of the mortgage was barred because the time for enforcement of the note and the personal guaranty had lapsed under state law. The Thornburgs contend for the first time on appeal that the United States' foreclosure action is time-barred because the Oklahoma and California statutes of limitations had run before the bank reassigned the note and the personal guaranty to the Small Business Administration ("SBA") in 1985.

We conclude that the district court erred in applying state lien expiration laws to bar the United States' mortgage foreclosure action because laws limiting the time for filing an action are inapplicable to claims filed by the United States.

I

The record of the undisputed evidence presented to the district court discloses the following facts: On December 15, 1977, the Thornburg Lumber Co., Inc., executed and delivered a promissory note ("Note") in the amount of $500,000 to the Poteau State Bank of Poteau, Oklahoma. Payment of the loan was guaranteed by the SBA. Ruth and Pete Thornburg[1] also executed and delivered to the Bank their personal guaranty ("the Thornburgs' personal guaranty") that they would pay the amount due on the note upon default. To secure their personal guaranty, Ruth and Pete Thornburg executed a mortgage on certain real property located in Calaveras County, California ("Mortgage").

On April 15, 1980, Ruth and Pete Thornburg defaulted on the Note. Shortly thereafter, the Bank declared the entire amount of the Note immediately due and payable. After Ruth and Pete Thornburg failed to pay the Note, the SBA paid the Bank the amount owing on the Note. On December 12, 1980, the Bank assigned its interest in the Note, the Thornburgs' personal guaranty, and the Mortgage to the SBA. On May 18, 1984, the SBA assigned the Note and the Thornburgs' personal guaranty to the Bank for collection purposes. The Bank failed to collect on the Note or the Thornburgs' personal guaranty. On August 19, 1985, the Bank reassigned these documents to the SBA.

On September 23, 1985, the SBA sent a letter to Ruth Thornburg demanding payment of the unpaid balance of the Note pursuant to the Thornburgs' personal guaranty. Ruth Thornburg subsequently filed for bankruptcy on October 14, 1986. The bankruptcy proceeding was dismissed on August 12, 1988.

The SBA renewed its demand for payment of the Thornburgs' personal guaranty on April 2, 1992. After Ruth Thornburg failed to pay the amount due on the Note, the United States filed this action on June 10, 1992. The United States' complaint stated two claims. In the first claim, the United States sought enforcement of the Thornburgs' personal guaranty. In the second claim, the United States sought to foreclose the Mortgage executed by Ruth and Pete

---

1. Pete Thornburg was not a party to this action. He expired before the action was filed.

Thornburg as security for the loan. The district court had jurisdiction over the United States' action pursuant to 28 U.S.C. § 1345 [2] and 15 U.S.C. § 634(b)(1). [3]

After the Thornburgs filed an answer to the complaint, the United States moved for summary judgment. In response to the United States' motion, the Thornburgs argued that the action should be dismissed because the time to file an action to enforce the Thornburgs' personal guaranty had expired. The district court determined that there were genuine issues of disputed fact that precluded summary judgment as to whether the relevant federal statute of limitations, 28 U.S.C. § 2415(a), [4] barred the United States from collecting on the Thornburgs' personal guaranty. The district court opined that if the United States was barred by section 2415(a) from collecting on the Thornburgs' personal guaranty, it was also barred by the law of Oklahoma and California from foreclosing on the Mortgage securing the debt. The district court reasoned that, since under the law of Oklahoma and California a lien cannot be enforced after the statute of limitations regarding the underlying debt has expired, the same procedural bar would be applicable to an attempt to foreclose on a mortgage securing payment of the debt.

After the district court entered its order denying the United States' motion for summary judgment, the parties stipulated that prosecution of the United States' claim on the Thornburgs' personal guaranty was barred by the federal statute of limitations for contract actions contained in 28 U.S.C. § 2415(a). Thereafter, the district court entered final judgment in favor of the Thornburgs. The district court held that the United States could not foreclose on the Mortgage because the time had expired for the filing of an action to seek enforcement of the Note and the Thornburgs' personal guaranty under Oklahoma and California law.

## II

The Thornburgs contend for the first time on appeal that the right to enforce the Thornburgs' personal guaranty and to foreclose on the Mortgage expired under Oklahoma or California law while the Bank was holding the Thornburgs' personal guaranty. According to the Thornburgs, the Bank's right to enforce the Thornburgs' personal guaranty accrued when the Bank demanded payment in April of 1980. They argue that under California law the Bank's right to bring an action on the Note or the Thornburgs' personal guaranty expired four years later in April of 1984. The Oklahoma statute of limitations barred the filing of an action by the Bank in April of 1985. [5] Accordingly, the Thornburgs assert that when the Bank subsequently reassigned the Thornburgs' personal guaranty to the SBA on August 19, 1985, the SBA was barred from enforcing the right to collect under the Thornburgs' personal guaranty, or to foreclose on the Mortgage, because the Bank's right to file an action had previously expired under the applicable state law. "It is settled law that state limitations statutes are relevant in determining a claim's viability at the time the federal agency acquires the claim.

2. 28 U.S.C. § 1345 provides that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

3. 15 U.S.C. § 634(b)(1) provides that the administrator of the Small Business Administration may "sue and be sued in ... any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy."

4. 28 U.S.C. § 2415(a) provides in relevant part: Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues....

5. California Code of Civil Procedure § 337 provides a four-year statute of limitations for contract actions. Oklahoma law provides a five-year statute of limitations for contract actions. Okla. Stat. tit. 12, § 95. The laws of California and Oklahoma further provide that liens are extinguished by the lapse of time within which an action can be brought upon the underlying debt. Cal. Civ.Code § 2911; Okla. Stat. tit. 42, § 23.

If the state statute of limitations has expired before the government acquires a claim, that claim is not revived by transfer to a federal agency." *FDIC v. Former Officers & Directors of Metro. Bank,* 884 F.2d 1304, 1309 n. 4 (9th Cir.1989), *cert. denied,* 496 U.S. 936, 110 S.Ct. 3215, 110 L.Ed.2d 662 (1990).

 Although the general rule in this circuit is that an appellate court will not consider an issue raised for the first time on appeal, we will reach the question if it is purely one of law and the opposing party will suffer no prejudice because of failure to raise it in the district court. *United States v. Carlson,* 900 F.2d 1346, 1349 (9th Cir. 1990). Whether the six-year federal limitation period continued to apply after the SBA reassigned the Note and the Thornburgs' personal guaranty to the Bank for collection purposes is an issue of law. Because the United States has argued the merits of this contention in its reply brief, we have concluded that it will not be prejudiced if we address this question.

The United States maintains that its right to enforce the Note and the Thornburgs' personal guaranty did not expire under state law following the May 18, 1984 reassignment of these documents to the Bank for the purpose of collection. The United States correctly asserts that the state statute of limitations no longer applied following the assignment of the Note and the Thornburgs' personal guaranty to the SBA on December 12, 1980. *See Industrial Indem. Ins. Co. v. United States,* 757 F.2d 982, 987 (9th Cir.1985) (six-year federal limitations period became applicable when the United States acquired claims from the Union Pacific Railroad within the five-year state limitation period).

The United States argues that the applicability of section 2415(a) was not affected by the assignment of the Note and the Thornburg's personal guarantee for the purpose of collection. We agree.

Our research has not disclosed any decision that has considered the question whether the six-year federal statute of limitations applies where the federal government has not sold its right to collect on a debt but has merely assigned that debt to a private party

for collection purposes. Section 2415(a) is silent concerning the applicability of the six-year federal statute of limitations to an assignee of the federal government.

With one exception, each of the federal and state courts that has considered the question has concluded that an assignee of the federal government may invoke the six-year statute of limitations in enforcing its right to collect on the debt. In *FDIC v. Bledsoe,* 989 F.2d 805 (5th Cir.1993), State Federal Savings and Loan Association ("State Federal"), a private loan institution, purchased a note and a personal guarantee possessed by the Federal Savings and Loan Insurance Corporation ("FSLIC"), as the receiver of the assets of an insolvent savings institution. *Id.* at 806. Subsequently, State Federal became insolvent and the FSLIC was appointed receiver. Accordingly, the note and personal guaranty returned to the possession of the FSLIC. *Id.* The Government filed an action to recover under the terms of the agreement within the six-year federal statute of limitations. The debtor moved for summary judgment asserting that the action was barred under the Texas four-year statute of limitations. *Id.* at 807. The debtor argued that the action was time barred because the Texas statute of limitations expired while the Government's assignee, State. Federal, was in possession of the note and the personal guaranty. *Id.* The district court granted the debtor's motion for summary judgment. The trial court held that the action was barred by the Texas statute of limitations. *Id.*

In reversing the judgment, the Fifth Circuit held that assignees of the federal government are entitled to the six-year statute of limitations set forth in section 2415(a). *Id.* at 811. The court in *Bledsoe* reasoned that because section 2415(a) is silent concerning the right of assignees, it was appropriate to apply the common law principle that an assignee stands in the shoes of the assignor with regard to the applicable statute of limitations. *Id.* at 810. The following courts have reached the same conclusion, i.e., the six-year limitation contained in the applicable federal statute of limitations applies to assignees of the federal government's right to

recover on a bank loan. *Tivoli Ventures, Inc. v. Bumann,* 870 P.2d 1244, 1246 (Colo. 1994) (six-year limitation period contained in 28 U.S.C. 2415(a) applied to assignee of the federal government); *Jon Luce Builder, Inc. v. First Gibraltar Bank,* 849 S.W.2d 451, 455 (Tex.Ct.App.1993) (same); *Mountain States Fin. Resources Corp. v. Agrawal,* 777 F.Supp. 1550, 1552 (W.D.Okla.1991) (six-year limitation period contained in 12 U.S.C. § 1821(d)(14)(A)(i) applied to assignee of the federal government); *Fall v. Keasler,* No. C–90–20643 SW, 1991 WL 340182, \*3 (N.D.Cal. 1991) (same); *White v. Moriarty,* 15 Cal. App.4th 1290, 19 Cal.Rptr.2d 200, 203 (1993) (same); *Cadle Co. II v. Lewis,* 254 Kan. 158, 864 P.2d 718, 724 (1993) (same).

In *Mountain States Fin. Resources Corp.,* the defendant argued that Oklahoma's five-year statute of limitations barred an assignee's action to collect on a loan it had obtained from the federal government. 777 F.Supp. at 1552. The Thornburgs make the same argument in this matter. The district court rejected the defendant's argument. The court held that the assignee acquired the government's six-year limitation period. *Id.*

In *White v. Moriarty,* the California Court of Appeal reversed a trial court's decision that California Code of Civil Procedure § 337 applied to an assignee's action to recover on a loan. 19 Cal.Rptr.2d at 201, 204. This is the same California statute relied upon by the Thornburgs in this matter. The California court held that assignees of the federal government are "entitled to the benefit of the federal statute of limitations in enforcing notes." *Id.* at 204.

At least one court has reached a different result, however. In *Wamco, III, Ltd. v. First Piedmont Mortgage Corp.,* 856 F.Supp. 1076 (E.D.Va.1994), the court held that the rights conferred by 12 U.S.C. § 1821(d)(14)(A) are personal to the assignor, and are inapplicable to assignees of the Resolution Trust Corporation. *Id.* at 1086. The court's conclusion that the assignee did not stand in the shoes of the federal government

was based on its interpretation of the words "any action brought by the [Resolution Trust] Corporation as a conservator or receiver." [6] The trial court concluded that "by its plain terms, the statute applies in actions brought by the RTC in its capacity as either conservator or receiver." *Id.* Accordingly, the district court in *Wamco* refused to apply the common law principle regarding the effect of an assignment. The matter before this court does not involve an assignment of a bank's assets by the Resolution Trust Corporation, nor a statute enacted expressly for actions brought by that federal agency in its capacity as a conservator or receiver.

We are persuaded by the Fifth Circuit's analysis in *Bledsoe* of the question whether an assignee of the federal government may file an action within six years of the accrual date of a loan pursuant to section 2415(a). In establishing a six-year time bar for the enforcement of contracts by the federal government, Congress did not purport to change the common law rule that an assignee stands in the shoes of its assignor with respect to the applicable statute of limitations. Any change in this principle must come from the law making branch of our government.

■ Here, unlike the situation in *Bledsoe,* the United States did not sell its right to collect money due on the Note and personal guaranty to the assignee. Instead, the SBA assigned the Note and the Thornburgs' personal guaranty to the Bank solely for the purpose of attempting to collect the money owed on the Note and the Thornburgs' personal guaranty. An assignment for collection purposes presents an even more compelling situation for the application of the common law rule than the factual predicate for the *Bledsoe* line of cases. The SBA's assignment for collection purposes was conditional. The United States did not divest itself of its right to bring an action to collect the unpaid balance of the loan in appointing the Bank to act as its surrogate in negotiating with the debtors. *See Arthur Pew Constr. Co. v. Lipscomb,* 965 F.2d 1559, 1575 (11th Cir.1992) (an

---

**6.** Section 1821(d)(14)(A) provides in pertinent part: "the applicable statute of limitations with regard to any action brought by the Corporation as a conservator or receiver shall be -

(i) in the case of any contract claim, the longer of—(I) the 6-year period beginning on the date the claim accrues or (II) the period applicable under state law...."

assignee for collection purposes holds the proceeds in trust for the assignor). The assignment of the Note and the Thornburgs' personal guaranty did not authorize the Bank to pocket any money it was able to recover. *Id.* The Bank recouped the money it loaned to the Thornburg Lumber Company from the SBA in 1980. When it failed in its efforts to persuade the Thornburgs to pay their debt, the Bank returned the Note and the Thornburgs' personal guaranty to the SBA. In their brief filed before this court, the Thornburgs point out that the Note and the Thornburgs' personal guaranty did not contain any language stating that the May 18, 1984 assignment was for the purpose of collection. The absence of any limiting language in the documents does not affect the nature of the assignment. "An assignment absolute in form can be shown to be for collection only." *Arthur Pew Constr. Co.*, 965 F.2d at 1575. We hold that the right to enforce the Note and the Thornburgs' personal guaranty did not expire under Oklahoma and California law while the Bank was holding these documents for purposes of collection. During this time period, the six-year statute of limitations was applicable to any action filed by the Bank on behalf of the United States to enforce the debt secured by the Note and the Thornburgs' personal guaranty.

### III

■ The Thornburgs have not filed a motion to dismiss this appeal on jurisdictional grounds. In their responsive brief, however, they suggest that "one issue that has yet to be addressed by any court is whether the mortgage was ever reassigned back to the SBA and, if it was not, SBA would not even have standing to pursue this action." Appellees' brief, p. 11 n. 2.

Assuming arguendo that the mortgage document was not physically transmitted to the SBA on August 19, 1985, it would not affect the standing of the United States to bring an action to foreclose on the Mortgage. It is undisputed that the Bank reassigned the Note and the Thornburgs' personal guaranty to the SBA on August 19, 1985. Under the law of California and Oklahoma, the Bank's assignment of the underlying debt carried

with it the Mortgage securing the debt. *See* Cal. Civ.Code § 2936 ("assignment of a debt secured by mortgage carries with it the security"); *Murrell v. Griswold,* 338 P.2d 150, 153 (Okla.1959) ("a chattel mortgage is a mere incident of the debt which it secures, and an assignment of the debt carries with it a pro tanto interest in the mortgage"). Accordingly, the Bank's failure to hand over the mortgage document, if it occurred, does not affect the right of the United States to maintain this foreclosure action.

### IV

■ The district court dismissed this action based on its conclusion that the United States was barred from foreclosing on the Mortgage because the federal statute of limitations had run on the right to bring an action for money damages to recover the amount owing on the Note and the Thornburgs' personal guaranty. In reaching this conclusion, the district court relied on the Oklahoma and California rule that a mortgage cannot be enforced after the statute of limitations for collecting the amount owing on the underlying debt has expired. Oklahoma Statutes, Title 42 § 23 provides that "[a] lien is extinguished by the mere lapse of the time within which ... an action can be brought upon the principal obligation." California Civil Code § 2911 provides, in relevant part, "[a] lien is extinguished by the lapse of time within which ... [a]n action can be brought upon the principal obligation."

■ Regarding the merits of this appeal, the narrow question we must decide is whether the United States can maintain an action to foreclose on the Mortgage even though it is barred under section 2415(a) from enforcing its right to collect money damages on the Note and the Thornburgs' personal guaranty. The United States argues that the state lien law theory that a mortgage cannot be foreclosed after the statute of limitations bars collecting contract damages is inapplicable to the federal government because it has the same effect as a state statute of limitations. We review *de novo* a district court's interpretation of the applicable law. *See Arford v. United States,* 934 F.2d 229, 231 (9th Cir.1991) (whether the

United States has waived sovereign immunity is reviewed *de novo* ); *see also, Mendez v. Ishikawajima–Harima Heavy Industries Co.,* 52 F.3d 799, 800 (9th Cir.1995) (a ruling on the appropriate statute of limitations is reviewed *de novo* ).

The Supreme Court has instructed that, as a sovereign, the United States is subject to a limitations period only when Congress has expressly created one. *Guaranty Trust Co. v. United States,* ‚304 U.S. 126, 133, 58 S.Ct. 785, 789, 82 L.Ed. 1224 (1938) (citing *United States v. Thompson,* 98 U.S. 486, 488–89, 25 L.Ed. 194 (1878)). "In the absence of a federal statute expressly imposing or adopting one, the United States is not bound by any limitations period." *United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1489 (9th Cir.1993). In *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), the Court held "that the United States is not bound by state statutes of limitations . . . in enforcing its rights." *Id.* at 416, 60 S.Ct. at 1020.

The question whether a state's lien expiration law may be applied to an action brought by the United States is an issue of first impression in this circuit. The Fifth Circuit and the Tenth Circuit have addressed this theory and ruled in favor of the United States' right to file a foreclosure action after the time to seek damages for breach of contract has expired.

In *Farmers Home Admin. v. Muirhead,* 42 F.3d 964 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 50, 133 L.Ed.2d 16 (1995), an agency of the federal government filed an action to foreclose a mortgage after the six-year limitation period for seeking damages for nonpayment of a loan had expired. *Id.* at 965. As here, the appellant argued that foreclosure was barred because of the operation of the state lien expiration law. *Id.* at 966. In rejecting this argument the·Fifth Circuit observed that the lien expiration law "reads like a statute of limitations: it forecloses an action or proceedings to enforce a lien not brought within the time for commencing suit on the debt involved." *Id.* The court held that an application of the state lien expiration law would violate the principle that the federal government is exempted

from a state's statute of limitations law. *Id.* at 965–66.

'In *United States v. Ward,* 985 F.2d 500 (10th Cir.1993), the appellant argued that Oklahoma's lien expiration law precluded the United States from foreclosing on a mortgage because the time for filing an action to enforce the underlying debt had expired. *Id.* at 502. Though the action was filed after the time for filing an action for damages had lapsed, the court held that the right of the United States to foreclose on the mortgage was not barred. *Id.* at 503. A number of district courts have also held that there is no statute of limitations for foreclosure actions filed by the United States. *See United States v. Warren Brown & Sons Farms,* 868 F.Supp. 1129, 1133–34 & n. 23 (E.D.Ark. 1994); *Cummings v. Farmers Home Admin.,* 825 F.Supp. 769, 771 (N.D.Tex.1992); · *United States v. Succession of Siddon,* 812 F.Supp. 674, 676 (W.D.La.1993); *United States v. La-Salle Nat'l Trust,* 807 F.Supp. 1371, 1372 (N.D.Ill.1992); *Westnau Land Corp. v. U.S. Small Business Admin.,* 785 F.Supp. 41, 43–44 & n. 1 (E.D.N.Y.1992), aff'd, 1 F.3d 112 (2nd Cir.1993); *United States v. Freidus,* 769 F.Supp. 1266, 1273 (S.D.N.Y.1991); ·*United States v. Edwards,* 765 F.Supp. 1215, 1222 (M.D.Pa.1991); *Gerrard v. United States Of-'fice of Educ.,* 656 F.Supp. 570, 574 (N.D.Cal. 1987).

The Thornburgs contend that *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979) supports the district court's determination that the Oklahoma and California expiration laws bar the United States' right to foreclose on the Mortgage. Their reliance on *Kimbell Foods* is misplaced. In *Kimbell Foods,* the question presented to the Supreme Court was whether contractual liens arising from an SBA program took precedence over private liens "in the absence of a federal statute setting priorities." *Id.* at 718, 99 S.Ct. at 1453. The Supreme Court held that "federal law governs questions involving the rights of the United States arising under nationwide federal programs." *Id.* at 726, 99 S.Ct. at 1457. However, it cautioned that "[w]hen there is little need for a nationally uniform body of law, state law may be incorporated

as the federal rule of decision." *Id.* at 728, 99 S.Ct. at 1458–59. The Court concluded that where Congress has not provided any direction, a federal court may look to state law to determine which lien has priority. *Id.* at 727–29, 99 S.Ct. at 1457–59.

 Congress has left no gap in the law concerning the right of the United States to foreclose on a mortgage without being subject to a limitation period. *See Muirhead,* 42 F.3d at 966 (in a "statute of limitations case, there is no matter left unaddressed by federal law that must be supplemented by a state rule of decision").

Section 2415(a) bars the United States from maintaining an action for money damages "unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2415(a). The six-year statute of limitations has no application to an action "to establish the title to, or right of possession of, real or personal property." 28 U.S.C. § 2415(c). Section 2415(c) applies to an action to foreclose on a mortgage. *See Dos Cabezas Corp.,* 995 F.2d at 1489–90 ("government's suit to foreclose on the deed of trust constituted an action to 'establish title to, or right of possession of, real or personal property'") (dictum). We hold that the United States is not barred from maintaining an action to foreclose on a mortgage although the remedy of collecting money damages is barred by section 2415(a).

### CONCLUSION

 The right to seek damages for the amount due on the Note and the Thornburgs' personal guaranty did not expire during the time these documents were assigned to the Bank for the purpose of collection. The six-year federal statute of limitations was applicable to any action filed by the Bank, as an assignee of the SBA. A state's lien expiration law is inapplicable to an action filed by the United States to enforce a mortgage because state statutes of limitations are inapplicable to actions filed by the federal government.

The judgment of the district court dismissing this action is VACATED.

Each side shall bear their own costs.