Samuel FIRESTONE; Calvin Miyashiro; Jack Putnam; Brian Frazen, individually and on behalf of all other present and former employees similarly situated, Plaintiffs–Appellants,

v.

SOUTHERN CALIFORNIA GAS COMPANY, Defendant–Appellee.

No. 98–56468.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1999.

Filed July 19, 2000.

Robert A. Cantore, Gilbert & Sackman, Los Angeles, California, for the plaintiffs-appellants.

David B. Reeves, Los Angeles, California, for the defendant-appellee.

Before: SCHROEDER, BEEZER, and GRABER, Circuit Judges.

SCHROEDER, Circuit Judge:

This is a suit for overtime compensation under both federal and California fair labor provisions. The most significant issue on appeal is whether plaintiffs' state law claim for time-and-a-half of their regular hourly rate for all hours worked beyond eight in a day and forty in a week is preempted by section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). On the merits, the employer argues that the claim is foreclosed by an exemption in the California overtime law for employees who are covered by a collective bargaining agreement that provides, in relevant part, for "premium wage rates" for overtime work. The district court held that plaintiffs' claim was preempted by the LMRA because resolution of the essential dispute between the parties about the applicability of the California exemption required interpretation of the complex pay and overtime pay provisions in the collective bargaining agreement. The district court dismissed on the merits plaintiffs' claim under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* We affirm these rulings.

**The Law of Preemption Under § 301**

■ Section 301 of the LMRA provides in part:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties....

29 U.S.C. § 185(a). The Supreme Court ruled long ago that the legislative history of § 301 makes clear that Congress intended to have the federal courts create a body of federal common law to be used to adjudicate disputes arising out of labor contracts. *See Textile Workers v. Lincoln Mills,* 353 U.S. 448, 456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). "[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (punctuation omitted). A court's determination of whether a state law claim is preempted by § 301 "must focus ... on whether [the state law claim] confers non-negotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the [state law] claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Of course, not every dispute involving provisions of a collective bargaining agreement is preempted by the LMRA. *See id.* at 211, 105 S.Ct. 1904. When the meaning of particular contract terms is not disputed, the fact that a collective bargaining agreement must be consulted for information will not result in § 301 preemption. *See Livadas v. Bradshaw,* 512 U.S. 107, 123–24, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994) (citing *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 413 n. 12, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)); *see* also *Audette v. International Longshoremen's and Warehousemen's Union,* 195 F.3d 1107, 1113 (9th Cir.1999). However, § 301 does preempt state law claims that are "substantially dependent" on an analysis of a collective bargaining agreement. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

**The Parties' Overtime Arrangement**

In 1995, the plaintiffs' unions and the employer, Southern California Gas Company (SCGC), agreed to a compensation arrangement set forth in a document entitled "Pay–Per–Route (PPR) for Meter Reading and Meter Reading A/B Routes" (PPR document). Under the Pay–Per–Route system, all meter readers were paid flat sums for completing meter reading routes of assigned lengths, even if it took less than the estimated time to complete the routes. The flat sum for each route was calculated by multiplying the hourly rate set forth in the collective bargaining agreement ($16.56 per hour) by the amount of time it was expected to take to complete the route.

Meter readers who worked more than 8 hours in one day received an adjustment to the flat sum normally paid. The method of calculating compensation for these hours is the subject of some dispute by the parties. According to the PPR document itself, the unassigned overtime hours posted were computed as follows: (assigned hours/actual hours) X .3334 X (actual hours–8). That figure was then multiplied by one and one-half the hourly rate set forth in the collective bargaining agreement and added to the flat rate for the assigned hours. SCGC contends that the total pay for a meter reader who worked unassigned overtime was actually calculated by dividing the flat sum by the total number of hours it actually took to complete the route to arrive at the employee's "regular rate" for that day. The meter reader would then receive one and one-half times that regular rate for hours worked beyond 8 per day, added to 8 times the

"regular rate" for that day. The difference between the formula contained in the PPR document and that allegedly used by SCGC apparently resulted from the inability of SCGC's computerized payroll system to handle variable rates of pay. These formulae yield almost the same result, however, plaintiffs contend that under either one the defendant violates state wage and hour laws by failing to provide a "premium" wage rate for overtime work.

## Discussion

The applicable California statute on overtime provides: "No employee eighteen (18) years of age or over shall be employed more than forty (40) hours in any workweek unless the employee receives one and one-half (1–1/2) times such employee's regular rate of pay for all hours worked over forty (40) hours in the workweek." 8 Cal. Code Reg. § 11040(3)(A). An overtime exemption provision provides that the section quoted above "shall not apply to any employee covered by a collective bargaining agreement if said agreement provides premium wage rates for overtime work and a cash wage rate for such employee of not less than one dollar ($1.00) per hour more than the minimum wage." 8 Cal.Code Reg. § 11040(3)(D).

■ The district court held that one could not determine whether plaintiffs were receiving a "premium wage rate" for overtime under the collective bargaining agreement-making them exempt from California overtime laws-without interpreting that agreement to determine, *inter alia,* what the regular rate was. For the following reasons, we agree with the district court that resolution of this issue requires interpretation of the agreement, and that the state law overtime claim is therefore preempted.

According to plaintiffs, they are not paid a "premium rate" because the rate they ultimately receive for overtime hours is lower than the standard rate of $16.56 per hour used to calculate the flat rate for each route. Thus, argue plaintiffs, they actually receive lower wages for overtime hours than they receive for scheduled hours. On the other hand, because the employer perceives the "regular rate" to be the standard rate divided by the number of hours it actually takes plaintiffs to complete the route on any given day, the employer maintains that plaintiffs are paid a rate for overtime work that includes a "premium" equal to 50% of the regular rate for that day.

The parties therefore disagree on the meaning of terms in the collective bargaining agreement for purposes of California law. To resolve that dispute, it would be necessary to apply California law to determine the overtime rights and obligations of the parties to the agreement. The claim is not "independent" of the collective bargaining agreement under federal preemption law. *See Lingle,* 486 U.S. at 407, 108 S.Ct. 1877.

The Court in *Lingle* held that a state law claim of retaliatory discharge for exercising state Workers' Compensation rights was not preempted, because the dispute did not turn on the meaning of any terms in the collective bargaining agreement. It was irrelevant that a grievance could also have been filed and arbitrated pursuant to that agreement. The right to be free of retaliatory discharge for filing a claim under the state Workers Compensation laws existed independent of the collective bargaining agreement.

In *International Broth. of Elec. Workers v. Hechler,* 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987), on the other hand, a claim under state law for breach of the duty to provide a safe workplace was preempted because the defendant's duty was defined by reference to the collective bargaining agreement. There was no duty independent of the collective bargaining agreement. The Court pointed out that if state law "were allowed to determine the meaning of particular contract phrases or terms in a collective bargaining agreement . . . the 'parties would be uncertain as to

what they were binding themselves to' in a collective-bargaining agreement, and, as a result, 'it would be more difficult to reach agreement, and disputes as to the nature of the agreement would proliferate.' " *Id.* at 858, 107 S.Ct. 2161 (quoting *Allis Chalmers,* 471 U.S. at 211, 105 S.Ct. 1904).

This case illustrates that problem well, for if California law were to apply, the parties negotiating the agreement would not know whether the employer's overtime obligations were defined by the contract or not, depending on which rate a court determined was the "regular" rate under the California law. The claim is preempted.

Plaintiffs rely on *Livadas v. Bradshaw,* 512 U.S. 107, 123–24, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). In that case, the Supreme Court held that a claim based on a state requirement for timely payment of severance pay was not preempted, because resolving the claim did not require any interpretation of the collective bargaining agreement; it required instead reference only to a calendar and the undisputed wage rate. *See* 512 U.S. at 121–25, 114 S.Ct. 2068. There were no terms in the statute to be interpreted with reference to the collective bargaining agreement, nor were there any terms of the collective bargaining agreement to be interpreted in light of the statute. That is not so here. Because the collective bargaining agreement must be interpreted to determine whether the PPR document provides for premium wage rates for overtime work and, therefore, whether California's overtime exemption provision applies, *Livadas* is inapposite. Plaintiffs' state law claim is preempted by the LMRA.

■ In the alternative, plaintiffs maintain that the California premium rate exemption is itself preempted by federal law, because the exemption denies union employees benefits extended to non-union employees. Again, plaintiffs' reliance on *Livadas* is misplaced. In *Livadas,* the Court considered a state's policy of refusing to enforce the severance pay provisions as to all employees covered by collective bargaining agreements with arbitration clauses. The Court held that the policy was contrary to federal labor law because it burdened all employees who were subject to the collective bargaining and arbitration processes that federal law recognizes as significant. *See id.* at 117–18, 114 S.Ct. 2068. By contrast, the exemption from California's mandatory time-and-a-half overtime requirement is limited to those employees covered by collective bargaining agreements containing negotiated premium wage rates that are over and above regular wage rates in excess of the minimum wage. The exemption therefore applies only to those who have sought and received alternative wage protections through the collective bargaining process. The California statute as a whole thus "provides protections to individual union and nonunion workers alike, and thus 'neither encourage[s] nor discourage[s] the collective-bargaining processes that are the subject of the NLRA.' " *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 20–21, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987) (quoting *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 755, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)).

The Supreme Court in *Livadas* recognized that opt-out provisions for negotiated alternatives to state-law standards are not in conflict with federal preemption law. These "familiar and narrowly drawn opt-out provisions" exempt employees covered by a collective bargaining agreement that contains a negotiated provision on the same subject but different from the statutory provision. *See Livadas,* 512 U.S. at 131–32, 114 S.Ct. 2068 (citing D.C.Code § 36–103 ("Unless otherwise specified in a collective agreement . . . [w]henever an employer discharges an employee, the employer shall pay the employee's wages earned not later than the working day following such discharge."); 29 U.S.C. § 203(*o*) ("Hours [w]orked" for Fair Labor Standards Act measured according to "express terms of . . . or practice under bona fide collective-bargaining agreement")));

*see also Viceroy Gold v. Aubry,* 75 F.3d 482, 489–90 (9th Cir.1996) (holding that a California provision exempting from the maximum hour laws employees covered by a "valid collective bargaining agreement that expressly provides for the wages, hours of work, and working conditions of the employees" is not preempted by the NLRA).

Such an opt-out is essentially what California has adopted here. California's overtime exemption provision does not operate automatically to exempt virtually all union-represented employees from its coverage—it exempts only those who have bargained for an alternative overtime compensation scheme. We recognized as much in *National Broadcasting v. Bradshaw,* 70 F.3d 69, 73 (9th Cir.1995), which stated that an identical California overtime exemption was an opt-out provision not preempted under *Livadas.* Accordingly, California's overtime exemption provision is not preempted by federal labor law.

█ Plaintiffs also challenge the district court's dismissal of their claim for overtime pay pursuant to the FLSA. Section 207(a)(1) of the FLSA provides in part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Plaintiffs assert that defendant's practice of determining on a daily basis the rate upon which overtime compensation is based violates § 207(a)(1). According to the regulations, however, an employee's "regular rate" may be calculated on the basis of an employee's average earnings over one of any number of periods, including a day. *See* 29 C.F.R. § 548.3(b). Plaintiffs nonetheless argue that because the basic rate arrived at by defendant under the PPR document can

"fluctuate wildly," SCGC's utilization of a daily rate cannot comply with 29 C.F.R. § 548.2(e), which plaintiffs claim mandates that an employee's basic rate will be "substantially equivalent" to the average earnings of the employee "over a representative period of time." The full provision states that the basic rate established by the employer must be "authorized by § 548.3 or . . . authorized by the Administrator under § 548.4 as being substantially equivalent to the average hourly earnings of the employee, exclusive of overtime premiums, in the particular work over a representative period of time." 29 C.F.R. § 548.2(e). What is therefore required by § 548.2(e) is that the basic rate used be either one permitted under § 548.3 or one specially authorized by the Administrator of the Wage and Hour Division of the Department of Labor pursuant to 29 C.F.R. § 548.4. Here, defendant's method of calculating a regular rate upon which to base overtime compensation is specifically authorized by 29 C.F.R. § 548.3(b). Accordingly, it does not violate the FLSA.

█ Finally, plaintiffs contend that the district court erred by dismissing the federal and state law claims related to nondiscretionary bonuses which they raised for the first time in the first amended complaint. It is unclear from the record whether the district court inadvertently dismissed those claims without considering them. Accordingly, a remand is appropriate for proper consideration of these claims.

Costs on appeal are awarded to SCGC.

AFFIRMED IN PART AND REMANDED IN PART.