Douglas S. **BEARDEN**; Russell Clements; Michael Davenport; Steven B. Davenport; Clifford Gregory; Paul Mateiro, Plaintiffs–Appellants,

v.

U.S. **BORAX INC.,** a Delaware corporation, Defendant–Appellee.

No. 04–57098.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2007.

Filed April 3, 2007.

Robert D. Newman, Esq., Western Center On Law & Poverty, Los Angeles, CA, Neil M. Herring, Esq., Sebastopol, CA, for Plaintiffs–Appellants.

Scott J. Witlin, Dominick C. Capozzola, Esq., Ogeltree, Deakins, Nash, Smoak & Stewart P.C., Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

Plaintiffs-appellants appeal the district court's dismissal of their claim for inadequate rest periods under California law. We reverse.

Because the facts are known to the parties, we revisit them only as necessary.

Appellants did not object to the district court's considering the memorandum issued by U.S. Borax, Inc. ("Borax") to its employees and submitted to the court by Borax on the motion to dismiss. Because Appellants failed to object below, we choose not to reach their claim that the district court erred in considering the memorandum. *Cf. United States v. Thornburg,* 82 F.3d 886, 890 (9th Cir.1996).

Borax's argument that preemption is required because of the dispute over whether the memorandum alters the parties' collective bargaining agreement ("CBA") is foreclosed by *Jimeno v. Mobil Oil Corp.,* 66 F.3d 1514 (9th Cir.1995). In *Jimeno,* we held that where union acceptance of a "unilaterally adopted managerial policy" would constitute waiver of its members' rights under state law, that policy does not constitute the necessary " 'clear and unmistakable' evidence ... that such a waiv-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

er had been intended." *Id.* at 1525 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409 n. 9, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)). Borax's rest period policy as expressed in a memorandum issued by Borax to its employees likewise cannot constitute clear and unmistakable evidence that the employees intended to waive their right to bring an action under California Labor Code § 226.7 for inadequate rest periods by accepting a CBA with equivalent protection. *See* Cal.Code Regs. tit. 8, § 11160(11)(E).

Borax's reliance on *Firestone v. Southern California Gas Co.*, 219 F.3d 1063 (9th Cir.2000), is misplaced. Adjudicating the state-law action will not require resolving a dispute over a CBA provision, because Borax does not contend that the parties' formally executed CBA contains equivalent protection for rest periods that would exempt employees from the work order. The claim can be tried on facts independent of the CBA, i.e., how many rest periods Appellants received. *Cf. Gregory v. SCIE, LLC*, 317 F.3d 1050, 1053 (9th Cir. 2003).

The dismissal of Appellants' rest period claim is **REVERSED,** and this case is **REMANDED** for proceedings not inconsistent with this decision. The parties shall bear their own costs on appeal.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.