**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EXPORT-IMPORT BANK OF THE
UNITED STATES,

          Plaintiff - Appellee,

  v.

UNITED CALIFORNIA DISCOUNT
CORP., DBA United California Factors,
DBA United California Trade Finance,
DBA United Nevada Trade International,

          Defendant - Appellant.

No. 11-55272

D.C. No. 2:09-cv-02930-CAS-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted May 9, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

United California Discount Corporation (UCDC) challenges the district court's decision to grant summary judgment in favor of Appellee Export-Import Bank of the United States (Ex-Im).

Federal common law applies to this action because the United States is a party as a result of a federal insurance program. *See Seattle Fur Exch., Inc. v. Foreign Credit Ins. Ass'n*, 7 F.3d 158, 161 (9th Cir. 1993); *see also Nat.'l Audubon Soc. v. Dep't of Water*, 869 F.2d 1196, 1203 (9th Cir. 1989), *as amended*.[1]

Ex-Im has standing to bring this action against UCDC because UPS assigned Ex-Im its right to bring this action and this cause of action was assignable. *See Bd. of Trade of S.F. v. Swiss Credit Bank*, 728 F.2d 1241, 1242-43 (9th Cir. 1984).

Ex-Im's claims against UCDC are not time-barred because Ex-Im filed its complaint before the applicable federal six-year statute of limitations pursuant to 28 U.S.C. § 2415(a), and UPS assigned the claims to Ex-Im before the applicable one-year state statute of limitations. *See United States v. Thornburg*, 82 F.3d 886, 890 (9th Cir. 1996).

The district court correctly held that as a matter of law, Ashford's failure to perform was not a condition precedent to UCDC's obligation to pay under the

---

[1]However, we note that the application of California law would yield the same result. *See San Diego Gas & Elec. Co. v. Bank Leumi*, 42 Cal. App. 4th 928, 934 (1996); *see also* Cal. Com. Code § 5108(a).

UCDC Letters of Credit (LOCs). *See Andy Marine, Inc. v. Zidell Inc.*, 812 F.2d 534, 537 (9th Cir. 1987), *as amended*; *see also Warner Bros. Int'l Television Distribution v. Golden Channels & Co.*, 522 F.3d 1060, 1062 (9th Cir. 2008) ("A letter of credit creates an absolute, independent obligation and payment must be made upon presentation of the proper documents regardless of any dispute between the buyer and seller concerning their agreement. . . .") (footnote reference and internal quotation marks omitted). This is especially true in light of the amendment that was made to the UCDC LOCs, changing the beneficiary certification language from certifying that "the amount of our draft represents funds due as a result of the failure of [Ashford] to perform as to the terms of the [MOE Contract]," which explicitly addresses failure to perform, to certifying that "the amount of our draft represents funds due as a result of drawing of our letter of credit [the UPS LOCs] by order of [Ashford] under the terms of the [MOE Contract]," which does not explicitly address failure to perform. *See Andy Marine*, 812 F.2d at 537 (requiring explicit articulation of a condition precedent).

The district court correctly found that UCDC failed to present any evidence that UPS engaged in fraud. *See*, *e.g.*, *id.* at 536 (explaining that the issuer of an LOC must honor it unless the documents are forged or fraudulent, or there is fraud in the transaction). The fact that UPS presented the UCDC LOCs while there was

3

ongoing litigation regarding Ashford's performance under the underlying contract did not constitute fraud. *See id.*

**AFFIRMED.**