NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONSTAR MORTGAGE LLC, DBA
Mr. Cooper,

                Plaintiff-Appellant,

  v.

KEYNOTE PROPERTIES, LLC,

                Defendant-Appellee,

 and

RANCHO SANTA FE HOMEOWNERS
ASSOCIATION,

                Defendant.

No.   19-15287

D.C. No.
2:18-cv-00762-JAD-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted June 8, 2020[**]
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and ROYAL,[***] District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 2005, a buyer purchased a Nevada residence with a loan secured by a deed of trust, and the Federal National Mortgage Association ("Fannie Mae") later acquired the loan and deed of trust. After the buyer failed to pay assessments of the Rancho Santa Fe Homeowners Association (the "HOA"), the property was sold at a non-judicial foreclosure sale to Keynote Properties, LLC, in 2013. Nevada law grants a homeowners association a "superpriority" lien for unpaid assessments; that lien is superior even to a previously recorded first deed of trust. *See* Nev. Rev. Stat. § 116.3116; *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 621-22 (9th Cir. 2019) (per curiam).

However, in 2008, the Federal Housing Finance Agency ("FHFA") had placed Fannie Mae into conservatorship. *See* 12 U.S.C. § 4617(a)(2), (b)(2)(A)(i). Under the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), "[n]o property of [the FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency." The Federal Foreclosure Bar preempts the Nevada superpriority lien scheme. *See Berezovsky v. Moniz*, 869 F.3d 923, 929-31 (9th Cir. 2017).

In 2018, Nationstar Mortgage, LLC, a Fannie Mae servicer and assignee of Fannie Mae's interest in the deed of trust, brought this quiet title action against

---

*** The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

2

Keynote, alleging that Fannie Mae's deed of trust survived the foreclosure sale because the FHFA did not consent to the extinguishment of Fannie Mae's deed of trust through the sale. *See* 12 U.S.C. § 4617(j)(3). The district court dismissed the complaint as time-barred, applying the four-year limitations period in Nev. Rev. Stat. § 11.220. We have jurisdiction over Nationstar's appeal under 28 U.S.C. § 1291.[1]

We vacate and remand. For the reasons stated in our opinion in *M&T Bank v. SFR Investments Pool 1, LLC.*, No. 18-17395, the six-year limitations period in 12 U.S.C. § 4617(b)(12)(A)(i) governs Nationstar's claims.[2] Nationstar's complaint, which was filed less than six years after the 2013 non-judicial foreclosure sale, was therefore timely.[3]

---

[1] The district court also dismissed Nationstar's claims against the HOA, but Nationstar does not challenge that ruling on appeal.

[2] "Although the general rule in this circuit is that an appellate court will not consider an issue raised for the first time on appeal, we will reach the question if it is purely one of law and the opposing party will suffer no prejudice because of failure to raise it in the district court." *United States v. Thornburg*, 82 F.3d 886, 890 (9th Cir. 1996). Nationstar did not argue until its reply brief that 12 U.S.C. § 4617(b)(12)(A)(i) governed, however, Keynote addressed the argument in a surreply and the applicable statute of limitations is a purely legal question. We therefore exercise our discretion to address the issue. *See id.*

[3] Keynote argues that the district court properly dismissed Claims 3 and 6 of the complaint in any event because Nationstar did not address Keynote's motion to dismiss those counts. The district court, whose judgment was based only on the statute of limitations, can address that argument on remand in the first instance.

**VACATED AND REMANDED.**

**Each party to bear its own costs.**