**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOURNE VALLEY COURT TRUST, | No. 19-15253 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00649-JCM-GWF |
| v. | |
| WELLS FARGO BANK, NA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 9, 2020[**]
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and ROYAL,[***] District Judge.

In 2006, a Nevada homeowner refinanced her home (the "Property") with a

loan secured by a deed of trust; the Federal Home Loan Mortgage Corporation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

("Freddie Mac") later acquired the loan and deed of trust. The Property was sold at a non-judicial foreclosure sale on May 7, 2012, to satisfy assessments owed to the Parks Homeowners Association. Bourne Valley Court Trust acquired the Property from the purchaser at the foreclosure sale on May 29, 2012.

Nevada law grants a homeowners association ("HOA") a "superpriority" lien for unpaid assessments; that lien is superior even to a previously recorded first deed of trust. *See* Nev. Rev. Stat. § 116.3116; *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 621-22 (9th Cir. 2019) (per curiam). However, in 2008, the Federal Housing Finance Agency ("FHFA") placed Freddie Mac into conservatorship. *See* 12 U.S.C. § 4617(a)(2), (b)(2)(A)(i). Under the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), "[n]o property of the [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency." The Federal Foreclosure Bar preempts the Nevada superpriority lien scheme. *See Berezovsky v. Moniz*, 869 F.3d 923, 929-31 (9th Cir. 2017).

On January 16, 2013, Bourne Valley brought a quiet title action against Wells Fargo Bank, Freddie Mac's agent and loan servicer, alleging that the 2012 foreclosure sale extinguished Freddie Mac's deed of trust. Wells Fargo filed its

operative answer in August 2017,[1] arguing that under the Federal Foreclosure Bar, the non-judicial foreclosure sale did not extinguish the previously recorded deed of trust. The district court granted summary judgment to Wells Fargo. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.     Even assuming that Wells Fargo's invocation of the Federal Foreclosure Bar in response to the quiet title complaint was subject to a statute of limitations, it was timely raised.[2] For the reasons stated in our opinion in *M&T Bank v. SFR Investments Pool 1, LLC.*, No. 18-17395, the six-year period in 12 U.S.C. § 4617(b)(12)(A)(i) governs Wells Fargo's claim that the deed of trust continued to encumber the Property. Wells Fargo's answer and counterclaim were filed less than six years after the 2012 non-judicial foreclosure sale.[3]

---

[1]     In the interim, the district court had granted summary judgment to Bourne Valley based on Nevada's superpriority lien provision, Nev. Rev. Stat. § 116.3116, but we reversed and remanded, finding the notice provisions of Nevada Revised Statutes § 116.3116 unconstitutional. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1160 (9th Cir. 2016), *partial abrogation recognized by Bank of Am., N.A.*, 920 F.3d at 623-24.

[2]     *Cf. Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415–16 (1998) ("[T]he object of a statute of limitation in keeping stale litigation out of the courts would be distorted if the statute were applied to bar an otherwise legitimate defense to a timely lawsuit." (cleaned up)).

[3]     "Although the general rule in this circuit is that an appellate court will not consider an issue raised for the first time on appeal, we will reach the question if it is purely one of law and the opposing party will suffer no prejudice because of failure to raise it in the district court." *United States v. Thornburg*, 82 F.3d 886, 890 (9th Cir. 1996). This case presents a purely legal issue that Bourne Valley treated

3

2.      The district court did not abuse its discretion in denying Bourne

Valley's request under Federal Rule of Civil Procedure 56(d) to defer ruling on

Wells Fargo's summary judgment motion to allow further discovery. *See Midbrook*

*Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612 (9th

Cir. 2017) (standard of review). The summary judgment record already made plain

that Freddie Mac possessed a valid and enforceable interest in the Property at the

time of the foreclosure sale. *See e.g., Berezovsky*, 869 F.3d at 932-33; *Fed. Nat'l*

*Mortg. Ass'n v. KK Real Estate Inv. Fund, LL*C, 772 F. App'x 552, 553 (9th Cir.

2019). A party seeking Rule 56(d) relief must do "more than simply show that there

is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**AFFIRMED.**[4]

---

extensively it in its briefs, so we consider Wells Fargo's argument regarding the federal statute. *See id.*

[4] We grant Bourne Valley's unopposed motion for judicial notice of orders in six cases before the Eighth Judicial District of the State of Nevada.